UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br>　　　　Plaintiff,<br>　v.<br>RUSLAN YERAMISHYN, et al.,<br>　　　　Defendants. | Case No. 5:23-cv-00608-JLS (GJS)<br><br>**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

At relevant times, Plaintiff was an inmate at two Riverside County jail facilities (identified as the Riverside County jail and the Cois Byrd Detention Center). This action arises out of the handling of his mail by jail employees and Plaintiff's grievances based thereon. Presently before the Court is the Report and Recommendation of the Magistrate Judge, which recommends dismissal of all claims with prejudice. As set forth herein, the Court ACCEPTS IN PART the Magistrate Judge's Findings and Recommendations.

I. **INTRODUCTION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative complaint in this case (ECF 29, "SAC") and all relevant pleadings, motions, and other documents filed in this action: Defendants' pending motion to dismiss the Second Amended Complaint (ECF 35, "Motion"); the parties' related briefing (ECF 37-39);

1   the original Report and Recommendation of United States Magistrate Judge (ECF
2   41); Plaintiff's Objection to the original Report and Recommendation (ECF 44),
3   related declarations (ECF 46-48), and request for judicial notice (ECF 45);
4   Defendants' Response to Plaintiff's Objection (ECF 49); and the Final Report and
5   Recommendation of United States Magistrate Judge (ECF 50 ("Final R&R")).
6   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has
7   conducted a *de novo* review of the matters to which objections have been stated.

   Having completed its review and, as set forth herein, the Court ACCEPTS IN PART the findings and recommendations set forth in the Final R&R.  Specifically, the Court ACCEPTS the findings and recommendations set forth in the Final R&R as follows:  (1) the denial of Plaintiff's request for judicial notice (ECF 45), (2) the dismissal with prejudice of the third cause of action in its entirety, and (3) the dismissal with prejudice of all equal protection claims, including those asserted as part of the first and second causes of action.  Because the (now-dismissed) third cause of action is the sole claim asserted against Defendant David Holm, this action is dismissed in its entirety with prejudice as to Defendant Holm.

   Conversely, the Court declines to accept the findings and recommendations set forth in the Final R&R dismissing with prejudice Plaintiff's first and second cause of action (to the extent they are ***not*** based on an equal protection claim). These causes of action are asserted against Defendants Ruslan Yeramishyn and Robert Gell ("Defendants").  These claims are brought pursuant to 42 U.S.C. § 1983 and are based upon allegations that Defendants opened Plaintiff's correspondence from his defense attorneys in violation of the First Amendment right to free speech and the Sixth Amendment right to counsel.  The Court DISMISSES THESE TWO CLAIMS WITHOUT PREJUDICE and GRANTS LEAVE TO AMEND in the manner specified herein.

## II. LEGAL STANDARD

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For an inmate to state a First Amendment claim pursuant to § 1983 for the improper opening of legal mail by his jailers, he must allege the mail was opened outside of his presence and that the mail was "properly marked legal mail." *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211-12 (9th Cir. 2017) (recognizing "that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence"). The Sixth Amendment also protects against the opening of "properly marked legal mail" outside the presence of its intended recipient where such "legal mail is related to a criminal matter." *See Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017). The rationale underlying this requirement is that if the mail is opened outside of his presence, the inmate will not be able to distinguish between jail and prison officials' opening and/or inspecting their legal mail (both of which ***are*** constitutionally permitted) and their "reading" of such mail (which is expressly prohibited as violative of the First and Sixth Amendments). *See id.* at 1195-96 (relying on *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)).

## III. FACTUAL ALLEGATIONS

The Court analyzes the factual allegations set forth in the operative complaint. The Court has also considered the averments, arguments, and materials offered in support of Plaintiff's Objection (ECF 44), including Plaintiff's Declaration (ECF 48), to determine whether Plaintiff might amend the operative complaint to state a claim against the two remaining Defendants.

In the Second Amended Complaint, Plaintiff alleges the following: Defendants "inspected regular mail and legal mail" at the Riverside County jail facilities. (ECF 29, SAC ¶ 9.) On or about February 8, 2021, Plaintiff was given

mail from his attorneys that was opened outside of his presence. (SAC ¶ 14.) Plaintiff specifically alleges that this mail was marked as "legal mail" in that it was sent with a return address from "LAW OFFICES OF THE PUBLIC DEFENDER County of Riverside." (SAC ¶ 14.) Plaintiff's defense counsel mailings routinely had this return address. (SAC ¶ 15.) The opening of Plaintiff's mail outside of his presence allegedly occurred several times. (*See* SAC ¶¶ 17 (referring to "repeated opening[s]"), 19 (in response to Plaintiff's grievances, jail personnel advised regarding treating all mail from courts and attorneys as "legal mail"), 22 (same).)

At least two policies of the jail are relevant to Plaintiff's present claims. First, apparently related to security concerns, the jail takes and destroys all mailing envelopes (with some provisions to permit retention of a return address). (*See* ECF 48 at 17 & 32 (Price Decl. Exs. 2 & 5).) And second, inmates are advised in the inmate manual (entitled "Orientation for Riverside County Jail Facilities") that mail from their counsel must bear the words "LEGAL MAIL" on the envelope. (ECF 48 at 11, Price Decl. Ex. 1 ("Legal mail is to be marked 'Legal Mail' on the outside of the envelope.").)[1] This type of mail may be "inspected for contraband" but must be "opened . . . by the housing unit deputy in [the inmate's] presence." (*Id.*)

Notably, however, the supervisory response to a grievance filed by Plaintiff while he was housed at Cois Byrd Detention Center suggests that this policy is not

---

[1] Plaintiff asks the Court to take judicial notice of this manual and a similar exhibit. The Court has considered these documents not as evidence but instead has considered them in determining whether Plaintiff can amend the allegations set forth in the SAC to state a claim. Thus, it is not the intent of the Court to convert the present Motion to Dismiss to a motion for summary judgment. (*Cf.* Final R&R at 8-14.)

And in opposition to Plaintiff's Request for Judicial Notice (ECF 45), Defendants make a valid point the effective dates of the versions of the inmate manual and the jail policies (both dated in 2024), which post-date the relevant events by two or three years. (*See* ECF 49 at 7-8, Def. Obj. at 7-8.) In amending, Plaintiff must allege (if he can do so in good faith), that the policy of retaining and/or destroying envelopes was in effect during the relevant time frame in 2021 and 2022.

In short, although the Court adopts the ruling in the Final R&R as to a denial of judicial notice, it finds that for purposes of determining whether to allow amendment to the SAC, Plaintiff's Declaration is sufficient to authenticate these documents.

1  (or was not) always strictly enforced: "All mail from courts or attorneys will be
2  treated as legal mail. Mail deputies have been advised." (SAC ¶¶ 20-22 & Ex. B,
3  ECF 29 at 5-6 & 18.) Indeed, Plaintiff alleges that at both facilities where he was
4  housed, although the first-level response to his grievance was that the mail opened
5  out of his presence did not have a separate "Legal Mail" designation, the next-level
6  response was that mail from attorneys was to be treated as legal mail, i.e., to be
7  opened in the inmate's presence,[2] and that those responsible for inmates' mail had
8  been advised of this requirement.

## IV. ANALYSIS

The Final R&R correctly identified the issue as whether there is a "clearly established" constitutional requirement that mail sent to inmates is subject to the First and Sixth Amendment requirement that it be opened in the presence of the inmate where that mail is sent to the inmates in envelopes that do not bear the marking of "Legal Mail" and instead bear only the return address of the inmate's counsel. The Final R&R correctly ruled there was (and is) no such "clearly established" requirement. Therefore, the Magistrate Judge held that the individual-capacity Defendants were entitled to qualified immunity and that the First and Sixth Amendment claims asserted against them must be dismissed. The Court agrees and adopts this ruling. The Ninth Circuit has expressly declined to decide "'whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation'" falls within the scope of First Amendment protection. *Hayes*, 849 F.3d at 1208 n.5 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended on other grounds on denial of reh'g by* 135 F.3d 1318 (9th Cir. 1998)).

---

[2] Most of Plaintiff's photocopied Exhibits are illegible. But a portion of page B-2, although barely legible (ECF 29 at 18), supports Plaintiff's representation that the written resolution of his grievance was that mail room deputies were instructed by the sergeant to treat all mail from the Court or from attorneys as the inmates' "Legal Mail." Plaintiff alleges much the same as to an earlier grievance at the Riverside County jail, but the Exhibit to which he cites is completely illegible. (SAC ¶¶ 17-19 & Ex. A, ECF 29 at 5 & 15.)

Therefore, the law on this point is not "clearly established" in the Ninth Circuit. Accordingly, to the extent Plaintiff's claims depend upon the theory that mail is "properly marked legal mail" so long as an envelope sent to him while he is incarcerated bears the return address of counsel (*see* SAC ¶ 13 & Ex. F), Defendants are entitled to qualified immunity and Plaintiff may not reassert these claims. But the Court declines to adopt that part of the Final R&R that holds that Plaintiff should not be given the opportunity to amend the factual allegations underlying these claims.

Plaintiff has indicated that he could amend his complaint to allege that mail from his attorneys bears the marking "Legal Mail" on the envelopes. (*See* ECF 44 at 4-6 (Pltf. Obj.).) Specifically, Plaintiff states that he has "observ[ed] legal mail sent from his criminal defense attorneys . . . stamped/marked "Legal Mail" on the outside envelopes." (*Id.* at 5:8-11.) This allegation would be sufficient to state a claim, especially in combination with other possible allegations found in Plaintiff's filings, as explained below.

The Final R&R rejected Plaintiff's reported "observation" as lacking credibility because it varies from Plaintiff's earlier allegations. (*See* Final R&R at 11-14.) But the credibility of a plaintiff is not analyzed at the pleadings stage, beyond that necessary to determine if a plaintiff's claims are plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Simply put, Plaintiff cannot be faulted for lacking knowledge of how all the envelopes sent by his counsel were marked because (in accordance with a jail policy) he did not always receive those envelopes. Obviously one can make no allegations regarding the appearance of items he or she has never seen. Such would be the case with envelopes when mail is opened outside Plaintiff's presence and the envelopes are discarded.

And this allegation is not necessarily inconsistent with Plaintiff's existing allegations. (*Cf.* Final R&R at 11 (criticizing the inconsistencies in Plaintiff's allegations regarding the envelopes).) The example envelope offered by Plaintiff

6

with his SAC does not establish that there were no markings other than counsel's return address.  A comparison of the .pdf file of SAC Exhibit F (a letter-sized envelope from Plaintiff's counsel) and a photograph of the original Exhibit F appears below.  The .pdf version lacks detail:



But closer examination of the original of Exhibit F, pictured below, reveals that it was likely taped to a larger envelope or a box as a mailing label::



And at the top right of the envelope, near the corner where one would ordinarily expect to see a stamp, there appears to have been labeling of some sort in a black marker.  Moreover, there is no indication whether whatever this envelope was attached to bore other markings designating it as "legal mail."  There is, of course, a difficulty of proof because of the apparent destruction of at least some of the envelopes from Plaintiff's counsel.

But this case is at the pleadings stage, and Plaintiff is entitled to take discovery regarding other methods of proof, such as the practices of the public defender's office in mailing their incarcerated clients and/or the availability of scans of incoming mail, if any, from the facilities of incarceration or another source, such as the United States Postal Service.  Notably, Plaintiff's public defenders have been careful to state on the face of letters sent to him that the correspondence was "CONFIDENTIAL LEGAL MAIL" or "Privileged attorney/client communication (California Evidence Code § 952)."  (*See* Price Decl. Ex. ECF 48 at 18-23.)  It is plausible that the office would likewise be careful to note "Legal Mail" or some similar marking on the outside of their envelopes as Plaintiff contends they sometimes do.

Therefore, assuming he can do so in good faith, Plaintiff may amend the SAC to include allegations regarding markings on mail from his counsel that designated that mail as "legal mail."  Such an allegation, coupled with allegations regarding the destruction of envelopes by the Riverside County jails and allegations that Defendants opened such mail from Plaintiff's counsel are sufficient to state a claim under the First and Sixth Amendments.

## V. CONCLUSION

The Court accepts in part and rejects in part the Final R&R filed by the Magistrate Judge.  The SAC is dismissed, but Plaintiff is granted leave to amend the first and second causes of action to assert § 1983 claims under the First and Sixth Amendments, limited to the manner specified herein.

DATED:  October 25, 2024

                                                      _____
                                                      Hon. Josephine L. Staton
                                                      UNITED STATES DISTRICT JUDGE