UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>    Plaintiff<br><br>v.<br><br>RUSLAN YERAMISHYN, et al.,<br><br>    Defendants. | Case No. 5:23-cv-00608-JLS (GJS)<br><br>**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint (Doc. 54), all relevant documents filed and lodged in this action, Defendants' motion to dismiss the Third Amended Complaint (Doc. 55), and all related briefing (Docs 57-58), and the Report and Recommendation of United States Magistrate Judge (Doc. 60, "R&R").  The time for filing Objections to the Report has passed and no Objections have been filed.

    Having completed its review, *and subject to the discussion, below,* the Court accepts part the findings, conclusions, and recommendations set forth in the Report.

1         First, the Court declines to adopt the alternative basis for the ruling on the timeliness of Defendant's claims.  (R&R, Doc. 60 at 9-10.)  Specifically, the R&R states that the relation-back doctrine of Federal Rule of Civil Procedure 15(a) would apply to Plaintiff's claims.  This alternative basis is unnecessary to the conclusions reached regarding the timeliness of Plaintiff's claims, and therefore the Court declines to adopt it.

          Second, although the Court agrees with the first conclusion reached by the Magistrate Judge set forth in footnote 3, it does so on a different rationale.  (*See* R&R at 9 n.3.)  Specifically, the Court agrees with R&R's conclusion that, despite mixed case law on the issue, the tolling provision for inmates (found at California Code of Civil Procedure § 352.1) applies to the claims of pretrial detainees.  But the Court does so on its more fulsome analysis set forth in *Venegas v. Cnty. of Riverside*, No. 5:18-CV-02293-JLS-SHK, 2025 WL 1409580, at *2-6 (C.D. Cal. May 13, 2025).

          In *Venegas*, because the California Supreme Court had not (and has not) ruled on § 352.1's applicability to the claims of pretrial detainees, a tension arose as to whether a Ninth Circuit opinion was still binding on federal district courts in the face of an intermediate state appellate decision that held to the contrary.  *See id.* at *3-4 (discussing *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994) and *Austin v. Medicis*, 21 Cal.App.5th 577 (2018)).  This Court first defined the proper legal standard for resolving this tension.  In the absence of authority from the state's highest court, an intermediate state appellate decision is "'a datum for ascertaining state law'" that must be considered along with other sources to "'ascertain from all the available data what the state law is.'"  *Id.* at *4 (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236-37 (1940)); *see also Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).  Where a court is

"convinced by other persuasive data that the highest court of the state would decide" contrary to the state intermediate appellate decision, such a decision is not binding on the federal court. *West*, 311 U.S. at 237.

After determining the proper legal standard, this Court held that *Austin*'s interpretation of § 352.1 as inapplicable to pretrial detainees was at odds with fundamental rules of statutory construction as adopted by the California Supreme Court. *Venegas*, 2025 WL 1409580 at *4-6. And having rejected *Austin*'s interpretation as contrary to California Supreme Court authority, this Court applied the controlling Ninth Circuit authority and held that § 352.1 applied to toll a pretrial detainee's claims for up to two years. *Id.*

Based on this rationale, the Court adopts the conclusion, set forth in footnote 3 of the R&R, that *Elliot* controls and that the California Code of Civil Procedures § 352.1 applies to toll the limitations periods of claims asserted by pretrial detainees.

Accordingly, **IT IS ORDERED** that: the Motion is DENIED; and Defendants shall file and serve an Answer to the Third Amended Complaint within 30 days of this Order.

**IT IS SO ORDERED.**

DATE:   August 3, 2025

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE