NICOLE R. ROGGEVEEN, Bar No. 252587
nroggeveen@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:    (909) 937-2034

Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSLAN YERAMISHYN;<br>ROBERT GELL;<br>DAVID HOLM; and DOES 1 to 8,<br><br>        Defendants. | Case No. 5:23-cv-00608-JLS (ASx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; RAND NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>FILED CONCURRENTLY HEREWITH:<br>1)   Declaration of Deborah Cruz<br>2)   Statement of Uncontroverted Facts and Conclusions of Law<br>3)   Proposed Judgment<br><br><br>Hon. Josephine L. Staton<br>UNITED STATES DISTRICT JUDGE<br><br>Hon. Alka Sagar<br>UNITED STATES MAGISTRATE JUDGE<br><br>Trial Date:      Not yet Set |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND PROCEDURAL HISTORY .....................................3

    A.     Complaint Filed October 27, 2022......................................................3

    B.     First Amended Complaint ("FAC") Filed March 22, 2023 ...................3

    C.     Second Amended Complaint ("SAC") Filed September 12, 2023.........4

    D.     Third Amended Complaint ("TAC") Filed November 18, 2024............5

II.    STATEMENT OF UNCONTROVERTED FACTS ........................................6

    A.     Plaintiff's Relevant In-Custody History ...............................................6

    B.     RSO Grievance Policies and Procedures ..............................................7

    C.     Grievances Between January 26, 2021 and May 10, 2022 ....................8

III.   LEGAL STANDARD ................................................................................13

IV.    LEGAL ANALYSIS ..................................................................................14

    A.     Plaintiff Failed to Exhaust Administrative Remedies..........................14

    B.     None of Plaintiff's Grievances Serve To Exhaust His Claims .............17

    C.     There is No Excuse For Plaintiff's Failure to Exhaust ........................21

V.     CONCLUSION .........................................................................................21

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014) ................................................................................15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ....................................13

*Booth v. Churner*, 532 U.S. 731, 738 (2001) .............................................................14

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).................................................14

*Jones v. Bock*, 549 U.S. 199, 216 (2007)...................................................................15

*Matsushita v. Zenith Radio*, 475 U.S. 574, 587 (1986)..............................................13

*McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)........................................14

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006).................................................................14

**STATUTES**

42 U.S.C. Section 1983...............................................................................................14

42 U.S.C. Section 1997e.............................................................................................14

42 U.S.C. Section 1997e(a..........................................................................................14

**RULES**

FRCP 56(a) .................................................................................................................13

FRCP 56(e) .................................................................................................................14

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

**TO PLAINTIFF, IN PRO SE, AND THIS HONORABLE COURT**:

**PLEASE TAKE NOTICE** that Defendants Ruslan Yeramishyn and Robert Gell ("Defendants") will move for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56 regarding the Complaint of Plaintiff Ahmad Raheem Price ("Plaintiff") on the following grounds:

1.    Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA") prior to filing suit.

2.    None of Plaintiff's grievances serve to exhaust his claims.

3.    There is no excuse for Plaintiff's failure to exhaust his claims.

This Motion is based upon the instant Notice of Motion, the *Rand* Notice included herewith, the attached Memorandum of Points and Authorities, the Proposed Statement of Uncontroverted Facts and Conclusions of Law, the Declaration of Deborah Cruz, the exhibits attached thereto, the pleadings and files in this action, and on such other matters as the Court may consider.

Plaintiff is a *pro se* litigant and in custody. As such, the meet and confer requirements are excused pursuant to Local Rules 7-3 and 16-12.

## RAND NOTICE

This notice is provided to ensure that you, a *pro se* prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).

The Court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. When a defendant moves for summary judgment, the defendant is requesting that the Court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

will set forth facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. If you fail to contradict the defendant's evidence with your own evidence, the Court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the Court may consider your failure to act as a waiver of your opposition. If the Court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

Dated:  November 6, 2025                    **COLE HUBER LLP**

By:        /s/ Nicole R. Roggeveen
Nicole R. Roggeveen
Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION AND PROCEDURAL HISTORY

This lawsuit arises from two alleged incidents involving the opening of legal mail that purportedly occurred while Plaintiff Ahmad Raheem Price ("Plaintiff") was an inmate housed at the Smith Correctional Facility ("SCF") and the Cois Byrd Detention Center ("CBDC"). Pursuant to the operative Third Amended Complaint, Plaintiff alleges that "[o]n or about February 6, 2021, Plaintiff housed at SCF was given legal mail sent from his criminal defense attorneys that was opened and read outside of Plaintiff's presence." (ECF 54, Page 942, Lines 9-10). Plaintiff further alleges that "[o]n or about February 1, 2022, Plaintiff now housed at CBDC filed a grievance after repeated instances of Plaintiff's incoming legal mail from Plaintiff's criminal defense attorneys was opened and read outside of Plaintiff's presence by Defendants Gell and Does 5-7." (ECF 54, Page 943, Lines 16-19).

### A.    Complaint Filed October 27, 2022

October 27, 2022, Plaintiff filed his Complaint, *pro se*, in Riverside County Superior Court,  wherein he alleged: (1) a violation of the right to freedom of speech and a violation of the right of access to courts under California Constitution Article I, § 2; (2) a violation of the right to freedom of speech and a violation of the right to access to courts under Civil Code § 52.1(c); and (3) interference by threat, intimidation or coercion with the exercise or enjoyment of individual rights under Civil Code § 52.1(c). (ECF 1, Exhibits 12-13). On February 22, 2023, Defendants filed a Demurrer to the Complaint, which was set for hearing on April 27, 2023.

### B.    First Amended Complaint ("FAC") Filed March 22, 2023

On March 22, 2023, Plaintiff filed his FAC (automatically vacating the hearing on the Demurrer), wherein he alleged: (1) a violation of the right to freedom of speech and a violation of the right of access to courts under the First Amendment; (2) a violation of the right to freedom of speech and a violation of the right to access to courts under Civil Code § 52.1(c); and (3) interference by threat, intimidation or

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

coercion with the exercise or enjoyment of individual rights under Civil Code § 52.1(c). On April 7, 2023, Defendants removed the case to Federal Court on April 7, 2023 (ECF 1) and filed a Motion to Dismiss the FAC on April 17, 2023. (ECF 6).

On July 10, 2023, the Court issued a Report and Recommendation granting Defendants' Motion to Dismiss in its entirety, without leave to amend, and dismissing the action with prejudice. (ECF 23). On September 12, 2023, following multiple extensions granted by the Court, Plaintiff filed his Objection to the Report and Recommendation, along with his Second Amended Complaint and a Motion for Leave to File a Second Amended Complaint. (ECF 28-30).

**C.    Second Amended Complaint ("SAC") Filed September 12, 2023**

The SAC contained the following claims, all of which were based on the alleged opening and reading of Plaintiff's legal mail: 1) § 1983 claim for violation of the right to freedom of speech under the First Amendment and accompanying equal protection claim under the Fourteenth Amendment; 2) § 1983 claim for violation of the right to counsel under the Sixth Amendment and accompanying equal protection claim under the Fourteenth Amendment; 3) § 1983, § 1981, and § 1985(3) claims for retaliation and conspiracy under the First and Fourteenth Amendments. On December 28, 2023, Defendants filed a Motion to Dismiss the SAC. (ECF 35).

On April 17, 2024, the Court issued a Report and Recommendation granting Defendants' Motion to Dismiss in its entirety, without leave to amend, and dismissing the action with prejudice. (ECF 41). On June 5, 2024, Plaintiff filed his Objection to the Report and Recommendation. (ECF 44). On October 25, 2024, the District Court issued an Order accepting the Report and Recommendation, in part, as follows: 1) Plaintiff's request for judicial notice was denied; 2) Plaintiff's third cause of action under §§ 1983, 1981, and 1985(3) for retaliation and conspiracy were dismissed in their entirety, with prejudice; 3) Plaintiff's equal protection claims, including those asserted as part of the first and second causes of action, were dismissed, with prejudice; and 4) because the now-dismissed third cause of action was the sole claim against

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Defendant David Holm, the action was dismissed in its entirety, with prejudice, as to Holm. (ECF 51, Page 931, Lines 8-26). However, to the extent that the first and second causes of action were not based on an equal protection claim, the District Court dismissed those claims, without prejudice, and granted Plaintiff leave to file a Third Amended Complaint. (*Id.*).

### D.    Third Amended Complaint ("TAC") Filed November 18, 2024

On November 18, 2024, Plaintiff filed his TAC, wherein he alleges claims under § 1983 for violation of his First Amendment right to free speech and violation of his Sixth Amendment right to counsel against Defendants Yeramishyn and Gell. Below are all excerpts from the TAC which include any references to, or allegations against, Defendants Yeramishyn and Gell. As shown below, Plaintiff alleges that he filed grievances regarding the opening of his legal mail on unidentified dates, but never alleges that Yeramishyn or Gell opened his legal mail on any particular date, including the specific dates at issue in the TAC (i.e., February 6, 2021 and February 1, 2022). (See TAC, ECF 54, Page 942, Lines 9-11; Page 943, Lines 16-19).

**TAC, ECF 54, Page 942:9-11**

"On or about February 6, 2021, Plaintiff housed at SCF, was given legal mail sent from his criminal defense attorneys that was opened and read outside of his presence."[1]

**TAC, ECF 54, Page 942:18-24**

"On or about February 9, 2021, Plaintiff filed a grievance to the final level of review concerning the repeated opening and reading of Plaintiff's incoming legal mail from Plaintiff's criminal defense attorneys outside of Plaintiff's presence by Yeramishyn and Does 1-4. Plaintiff had filed a prior

---

[1] Plaintiff **does not allege** that Yeramishyn opened and read his legal mail on February 6, 2021. Rather, Plaintiff alleges that he "was given legal mail…that was opened and read outside of his presence."

grievance regarding Yeramishyn's and Does 1-4 repeated opening and reading of Plaintiff's legal mail from Plaintiff's criminal defense attorneys outside of Plaintiff's presence."

**TAC, ECF 54, Page 943:16-19**

"On or about February 1, 2022, Plaintiff now housed at CBDC filed a grievance after repeated instances of Plaintiff's incoming legal mail from Plaintiff's criminal defense attorneys was opened and read outside of Plaintiff's presence by defendants Gell and Does 5-7. On or about February 2, 2022, Plaintiff's grievance was responded to by defendant Gell. Gell stated in the response findings 'Riv Sheriff policy is clear that all incoming or outgoing legal mail shall be identified by being labeled "Legal Mail." This info was shared with you on 7-7-2021.' (See Exhibit "B" page 1)."

On December 9, 2024, Defendants filed a Motion to Dismiss the TAC. (ECF 55). On March 27, 2025, the Court issued a Report and Recommendation denying Defendants' Motion to Dismiss. (ECF 60). On September 8, 2025, Defendants filed an Ex Parte Application for Leave to File a Pre-Answer Motion for Summary Judgment limited solely to the issue of failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to filing suit. (ECF 64). On September 11, 2025, the Court granted Defendants' Ex Parte Application. (ECF 66).

## II.     STATEMENT OF UNCONTROVERTED FACTS

### A.     Plaintiff's Relevant In-Custody History

Plaintiff was booked into the Robert Presley Detention Center ("RPDC") on December 4, 2020 under Booking No. 202041230. (UF 1). The alleged incidents underlying Plaintiff's Complaint purportedly occurred on or about February 6, 2021 and February 1, 2022. (UF 2). At the time of the alleged incident on February 6, 2021, Plaintiff was housed at SCF. (UF 3). At the time of the alleged incident on February 1,

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

2022, Plaintiff was housed at the CBDC. (UF 4).

## B.      RSO Grievance Policies and Procedures

Upon arrival at any of the RSO Detention Facilities, inmates are given a property box with their names and/or booking numbers on it. The property box given to inmates includes, among other items, a copy of the *Inmate Orientation Guide*, which provides an overview of the grievance procedure. (UF 5). In addition to the *Inmate Orientation Guide*, information pertaining to the grievance process is provided to inmates via the Inmate Dedicated Channel in each housing unit and flyers posted in each housing unit. (UF 6). As reflected in the *Inmate Orientation Guide*, RSO has established policies and procedures regarding inmate grievances. (UF 7). It is the policy and practice at all Riverside County Jail Facilities, including SCF and CBDC, that inmates may grieve any conditions of confinement. (UF 8).

Inmates have ten (10) days after the date of occurrence by which to submit a grievance. (UF 9). Inmates should try, but are not required, to resolve a grievance informally by talking to or writing a "kite" (also known as an inmate request form) to the housing deputy. (UF 10). It is the practice and procedure at SCF and CBDC that correctional deputies attempt to resolve inmate grievances at the lowest possible level. (UF 11). Pursuant to Corrections Division Policy No. 507.02, Section 1.1, grievance forms are made available at all times in all Riverside County jails. (UF 12). Grievance forms consist of 4 sheets of carbon copy paper, which are distributed as follows: the white copy is placed in the Inmate Booking File; the yellow copy is for the Facility Commander; the pink copy is for the inmate; and the goldenrod copy serves as the inmate's receipt. (UF 13).

Pursuant to Corrections Division Policy No. 507.02, Section 1.2, no staff member can refuse to accept an inmate grievance. (UF 14). Inmates nonetheless have the unhindered option of depositing their grievances into a locked repository box, which can only be accessed using a key in the possession of the Floor Sergeant responsible for collecting the grievances. (UF 15). Grievances are collected twice a

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

day, seven (7) days a week. (UF 16). After collection, grievances are entered into JIMS by the Floor Sergeant, who then determines how the grievance should be handled. (UF 17).

Inmate grievances are tracked electronically using the JIMS Grievance Tracking System; in the event that a paper grievance is lost or misplaced, the JIMS Grievance Tracking System maintains an electronic record of the grievance and response provided. (UF 18). A supervisor (typically a Sergeant) will attempt to resolve the grievance and will document his or her findings and resolutions on the grievance form, as well as in the JIMS Grievance Tracking System. (UF 19). If necessary, the supervisor may forward the grievance to another more appropriate supervisor for resolution, such as a supervisor over medical, mail, classification, or transportation. (UF 20).

Inmate grievances need to be investigated and discussed with the inmate within ten (10) days of being submitted. (UF 21). Inmates are asked to sign the bottom of the grievance form and are provided with the pink inmate copy. (UF 22). The bottom of the grievance form instructs inmates to refer to the *Inmate Orientation Guide* for information regarding the grievance process, including their right to appeal initial findings. (UF 23). Inmates may submit a hand-written appeal to the grievance findings and/or resolution within seven (7) days. (UF 24). The written appeal will be forwarded to the supervisor's lieutenant, who will review the original findings, findings and appeal letter, and provide a written response addressing the inmate's concern or request. (UF 25). Grievances not resolved at the lieutenant level may be appealed to the facility commander within seven (7) days. (UF 26). The facility commander will be the final authority for the disposition of the grievance and will provide a written response. (UF 27).

### C.    Grievances Between January 26, 2021 and May 10, 2022

Between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals. (UF 28). Below is a

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

chronological summary of those grievances and appeals.

*01 | 26 | 21* Plaintiff submitted a grievance stating that he "received mail from the District Court that was opened…in violation of privacy of legal correspondence." The grievance did not reference or allege any wrongdoing on the part of Deputy Yeramishyn or Deputy Gell. (UF 29).

   *02 | 04 | 21* Plaintiff submitted a grievance appeal stating that "Officer Yeramishyn [was] mistaken in what constitutes legal mail. Mail from the courts are inherently considered 'legal correspondence' per Title 15 Cal. Code of Regulations." The grievance appeal did not allege that Deputy Yeramishyn opened Plaintiff's legal mail, but rather, that Deputy Yeramishyn was mistaken in what constitutes legal mail. (UF 30).

   *02 | 09 | 21* Plaintiff submitted a grievance appeal to the Facility Commander regarding "[his] legal correspondence from the Courts being open outside of [his] presence by the mail room" and that the "handbook on mail indicates as does Title 15 C.C.R. that mail from state and federal courts are confidential mail." The grievance appeal did not allege that Deputy Yeramishyn opened Plaintiff's legal mail. (UF 32).

*02 | 05 | 21* Plaintiff submitted a grievance regarding his request for a satanic bible. (UF 31).

*02 | 16 | 21* Plaintiff submitted a grievance regarding dayroom hours. (UF 33).

*02 | 17 | 21* Plaintiff submitted a grievance regarding service of lunch while in court. (UF 34).

*03 | 02 | 21* Plaintiff submitted a grievance regarding a urologist visit. (UF 35).

*03 | 04 | 21* Plaintiff submitted a grievance regarding a strip search. (UF 36).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

*03 | 06 | 21* Plaintiff submitted a grievance appeal regarding the strip search referenced in his grievance dated March 4, 2021. (UF 37).

*04 | 03 | 21* Plaintiff submitted a grievance regarding notice of a write-up. (UF 38).

*04 | 06 | 21* Plaintiff submitted a grievance regarding a delay in receiving photos. (UF 39).

*04 | 18 | 21* Plaintiff submitted a grievance regarding a strip search. (UF 40).

*04 | 21 | 21* Plaintiff submitted a grievance appeal regarding the strip search referenced in his grievance dated April 18, 2021. (UF 42).

*05 | 10 | 21* Plaintiff submitted a grievance appeal regarding a strip search. (UF 45).

*05 | 12 | 21* Correctional Lieutenant Koehler provided a written response to Plaintiff's grievance appeal dated May 10, 2021. (UF 49).

*04 | 19 | 21* Plaintiff submitted a grievance regarding a verbal argument with a Correctional Deputy. (UF 41).

*04 | 22 | 21* Plaintiff submitted a grievance appeal regarding the verbal argument with a Correctional Deputy referenced in his grievance dated April 19, 2021. (UF 43).

*04 | 28 | 21* Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated April 22, 2021. (UF 44).

*05 | 10 | 21* Plaintiff submitted a grievance appeal to the Facility Commander regarding the verbal argument with a Correctional Deputy referenced in his grievance dated April 19, 2021. (UF 46).

*05 | 11 | 21* Correctional Captain Reed provided a written response to Plaintiff's grievance appeal dated May 10, 2021. (UF 47).

*05 | 11 | 21*    Plaintiff submitted a grievance regarding refusal to take medication. (UF 48).

                *05 | 20 | 21*    Plaintiff submitted a grievance appeal regarding his refusal to take medication referenced in his grievance dated May 11, 2021. (UF 50).

                *06 | 03 | 21*    Correctional Lieutenant Rodriguez provided a written response to Plaintiff's grievance appeal dated May 20, 2021. (UF 52).

*05 | 27 | 21*    Plaintiff submitted a grievance regarding a delay in receiving mail from friends and family. (UF 51).

*06 | 05 | 21*    Plaintiff submitted a grievance regarding a delay in receiving photos from family via the company "Free Prints." (UF 53).

*06 | 06 | 21*    Plaintiff submitted a grievance regarding a delay in receiving photos from family. (UF 54).

*06 | 12 | 21*    Plaintiff submitted a grievance regarding outdoor recreation. (UF 55).

*06 | 15 | 21*    Plaintiff submitted a grievance regarding the verbal argument he had with a Correctional Deputy referenced in prior grievances. (UF 56).

*07 | 09 | 21*    Plaintiff submitted a grievance regarding correspondence from the company "Free Prints." (UF 57).

*07 | 12 | 21*    Plaintiff submitted a duplicate grievance regarding correspondence from the company "Free Prints." (UF 58).

*07 | 20 | 21*    Plaintiff submitted a grievance regarding the alleged opening of mail from his attorney outside of his presence. A response was provided and discussed with Plaintiff on July 27, 2021. (UF 59).

*07 | 24 | 21*    Plaintiff submitted a grievance regarding the mail delivery schedule. (UF 60).

*07 | 26 | 21*    Plaintiff submitted a grievance regarding exhibits from his attorney that

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

11

were opened before being delivered to him. A response was provided and discussed with Plaintiff on July 27, 2021. (UF 61).

*07 | 31 | 21* Plaintiff submitted a grievance regarding outdoor recreation. (UF 62).

*08 | 09 | 21* Plaintiff submitted a grievance appeal regarding outdoor recreation. (UF 64).

*08 | 26 | 21* Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated August 9, 2021. (UF 68).

*08 | 07 | 21* Plaintiff submitted a grievance regarding commissary items. (UF 63).

*08 | 14 | 21* Plaintiff submitted a grievance regarding commissary items. (UF 65).

*08 | 21 | 21* Plaintiff submitted a grievance appeal regarding the commissary items referenced in his grievance dated August 14, 2021. (UF 67).

*08 | 31 | 21* Plaintiff submitted a grievance appeal regarding the commissary items referenced in his grievance dated August 14, 2021. (UF 69).

*09 | 11 | 21* Correctional Sergeant Nelson provided a written response to Plaintiff's grievance appeal dated August 31, 2021. (UF 70).

*09 | 16 | 21* Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated August 31, 2021. (UF 71).

*09 | 25 | 21* Plaintiff submitted a grievance appeal regarding the commissary items referenced in his grievance dated August 14, 2021. (UF 72).

*08 | 18 | 21* Plaintiff submitted a grievance regarding the grievance process. (UF 66).

*10 | 22 | 21* Plaintiff submitted a grievance regarding a strip search. (UF 73).

*12 | 04 | 21* Plaintiff submitted a grievance regarding cold lunch. (UF 74).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

12

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

*12 | 04 | 21*   Plaintiff submitted a grievance regarding the law library schedule. (UF 75).

*01 | 15 | 22*   Plaintiff submitted a grievance regarding cold lunch. (UF 76).

*01 | 18 | 22*   Plaintiff submitted a grievance regarding requests to the Business Office. (UF 77).

*02 | 01 | 22*   Plaintiff submitted a grievance regarding the opening of legal mail from the court outside of his presence. (UF 78).

> *02 | 03 | 22*   Plaintiff submitted a grievance appeal regarding the opening of legal mail from the court outside of his presence referenced in his grievance dated February 1, 2022. A response was provided on February 10, 2022, at which time, Plaintiff signed the bottom of the grievance form. (UF 79).

*02 | 23 | 22*   Plaintiff submitted a grievance regarding court-ordered phone calls. (UF 80).

> *02 | 23 | 22*   Plaintiff submitted a grievance appeal regarding court-ordered phone calls. (UF 81).

*05 | 10 | 22*   Plaintiff submitted a grievance regarding a request to the Business Office. (UF 82).

## III.   LEGAL STANDARD

A summary judgment motion permits the court to pierce the pleadings, assess the proof, and determine whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); see also *Matsushita v. Zenith Radio*, 475 U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Whether a fact is "material" is determined by looking to the governing substantive law, so it the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party is not required to disprove matters upon which the non-moving party will have the burden of proof at trial; indeed, the moving party need

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

13

not produce any evidence on those issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party's burden is met simply "'showing' – that is, point out to the District Court – that there is an absence of evidence to support the non-moving party's case." *Id*. at 325. If the moving party meets its burden, the non-moving party must set forth specific facts, by affidavits or as otherwise provided, showing that there is a genuine need for trial. FRCP 56(e); see also, *Celotex*, 477 U.S. at 325. It is not enough for the responding party to point to the mere allegations or denials contained in the pleadings. *United Steelworkers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1542 (9th Cir. 1989).

## IV.   LEGAL ANALYSIS

### A.    Plaintiff Failed to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The PLRA requires "proper exhaustion" of administrative remedies. *Id*. at 93. To meet this exacting standard, prisoners must not only lodge a formal complaint, but also pursue it through each stage of the administrative process in "compliance with an agency's deadlines and other critical procedural rules" as a precondition to bringing suit in federal court. *Id*. at 90. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 90. A prisoner must exhaust even when the remedy he seeks is unavailable through the grievance process. *Id*. at 85-86. A complaint must be dismissed if the prisoner did not exhaust all available administrative remedies before the suit was filed. *Booth v. Churner*, 532 U.S. 731, 738 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

Failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a motion for summary judgment is the proper vehicle for determining whether a prisoner has exhausted administrative remedies pursuant to the PLRA. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). Defendants bear the burden of proving that there was an available administrative remedy, and that the prisoner did not exhaust it. *Id*. at 1172. Once defendants meet that burden, the burden shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172. Bare allegations will be insufficient to defeat a defendant's properly supported motion for summary judgment. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id*. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id*. at 1173.

To properly exhaust administrative remedies, a prisoner must complete the administrative grievance process in accordance with the prison's procedural rules, including compliance with an agency's deadlines. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Here, Plaintiff had an available remedy in the form of RSO's administrative grievance process. (UF 5-27). Despite having knowledge of RSO's grievance process and experience in navigating the process, Plaintiff failed to exhaust the administrative remedies available to him prior to filing suit regarding the alleged incidents on or about February 6, 2021 and February 1, 2022. (UF 28-82).

Specifically, with respect to the alleged incident on or about February 6, 2021, Plaintiff failed to submit any grievance alleging that mail from his attorney was being opened outside of his presence. Pursuant to the grievance submitted by Plaintiff on January 26, 2021, he "received mail from the District Court that was opened…in violation of privacy of legal correspondence." The grievance did not reference or allege

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

15

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

any wrongdoing on the part of Deputy Yeramishyn or Deputy Gell. (UF 29). More importantly, the grievance did not reference or allege that mail from Plaintiff's attorney was being opened outside of his presence. As this Court has pointed out, there is a significant difference between mail from the Courts and mail from an attorney.

> To qualify as legal mail subject to federal constitutional protection, the mail must constitute privileged communications between the prisoner and his or her attorney. See *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Mail sent from someone other than the prisoner's attorney does not become "legal mail" merely because it has some relation to a legal matter. It is well established, for example, that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (1998); see also *Hayes*, 849 F.3d at 1211 (in accord, and finding that mail a prisoner received from a federal district court was not legal mail subject to First Amended protection).

*Report and Recommendation Granting Motion to Dismiss*, ECF 23, Page 591, Lines 15-25.

The first grievance submitted by Plaintiff regarding any allegation that mail from his attorney was being opened outside of his presence was on July 20, 2021 (reference an incident on July 19, 2021). (UF 59). Plaintiff's lawsuit is based upon an incident that occurred on or about February 6, 2021, not July 19, 2021. Nonetheless, Plaintiff was provided with a response on July 27, 2021 and Plaintiff did not submit an appeal to the lieutenant-level. Plaintiff also submitted a grievance regarding mail from his attorney being opened outside of his presence on July 26, 2021 (reference an incident on the same date). (UF 61). This could not have been an appeal to the lieutenant-level regarding the grievance submitted July 20, 2021 because Plaintiff had not yet received

16

a response from which to appeal. Moreover, the grievance submitted on July 26, 2021 involved an incident that allegedly occurred 6 months after the incident upon which Plaintiff's lawsuit is based. Finally, Plaintiff did not submit any appeal to the lieutenant-level with respect to the grievance submitted on July 26, 2021. (UF 61). Based on the foregoing, Plaintiff did not exhaust administrative remedies prior to filing suit with respect to his claim that on or about February 6, 2021, mail from his attorney was opened outside of his presence. As such, any and all claims against Deputy Yeramishyn must be dismissed.

The first grievance submitted by Plaintiff while housed at CBDC regarding any allegation that mail from his attorney was being opened outside of his presence was on February 1, 2022 (reference incidents on January 14, 2022 and January 31, 2022). (UF 78). Plaintiff was provided with a response on February 2, 2022. (UF 78). He submitted an appeal to the lieutenant-level on February 3, 2022 and received a response on February 10, 2022 (as indicating by Plaintiff's signature on the bottom of the grievance form). (UF 79). Pursuant to RSO's grievance policy, Plaintiff had 7 days by which to submit an appeal to the commander-level. He did not so do. (UF 79-82). Based on the foregoing, Plaintiff did not exhaust administrative remedies prior to filing suit with respect to his that on or about February 1, 2022, mail from his attorney was opened outside of his presence. As such, any and all claims against Deputy Gell must be dismissed.

**B.    None of Plaintiff's Grievances Serve To Exhaust His Claims**

In order to exhaust administrative remedies, a plaintiff's grievance must have been sufficient to put the jail "on adequate notice of the problem for which the prisoner seeks redress." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). This is so that the prisoner's grievance "provide[s] enough information…to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)). If a plaintiff's grievances do not alert the prison to the plaintiff's problem, then the plaintiff has failed

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

17

to exhaust. *Id.* A grievance is <u>required</u> to name the specific people and specific actions at issue to qualify as exhaustion. *Harmon v. Lewandowski*, 2021 WL 6618681, at *6 (C.D. Cal. Nov. 30, 2021), stated:

> As a preliminary matter, the Court notes that availability is not a dispositive issue here. Even if the Court determines that administrative remedies were unavailable for one or more of Plaintiff's grievances, this would not resolve the underlying issue, i.e., whether Plaintiff sufficiently identified the moving Defendants in the grievances filed. See *Fordley v. Lisarraga*, No. 19-15691, at *29 (9th Cir. 2021) (holding that although an administrative remedy was unavailable for plaintiff's grievance, plaintiff had not exhausted his claim with respect to one defendant because plaintiff's grievance did not name or refer to the defendant."

Plaintiff's grievances fail to provide sufficient information to allow jail officials to take appropriate responsive measures. See *Griffin*, 557 F.3d at 1121 (finding plaintiff failed to exhaust administrative remedies because plaintiff "did not provide notice of the prison staff's alleged disregard of his lower bunk assignments" when he repeatedly demanded a ladder); see also, *Brown v. Gardner*, 2017 WL 3394114, at *4 (E.D. Cal. Aug. 8, 2017) (finding no exhaustion where the plaintiff did not identify in his grievance "the responsible parties or at least provide some information to help officials identify them.").

The grievance submitted by Plaintiff on January 26, 2021 alleges the following:

> I received mail from the **District Court** that was opened. This is a violation of privacy of legal correspondence. Legal mail is to be opened in my presence. This is the second time this has happened. This has a damaging effect on my legal actions and your department are co party (ies) to actors who has and

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

18

> continue to inflict injury upon me. I request an immediate action by this Department to cease opening my legal mail."

(UF 29) [emphasis added].

Plaintiff does not allege that any mail from his attorney was opened outside of his presence and does not allege any action, inaction, or involvement on the part of Deputy Yeramishyn. The appeal submitted by Plaintiff on February 4, 2021 alleges the following:

> Officer Yeramishyn is mistaken in what constitutes legal mail. Mail from the **courts** are inherently considered "legal correspondence" per Title 15 Cal. Code of Regulations. Furthermore it is improper to open my legal mail from the **court** for an action this department is holding me for as an agent of the county and court who has instituted proceedings against my person. I demand that all opening of my legal mail cease and any further abuse I will add parties to a tort action on tort claim.

(UF 30) [emphasis added].

Again, Plaintiff does not allege that any mail from his attorney was opened outside of his presence and alleges only that Deputy Yeramishyn was "mistaken in what constitutes legal mail." (UF 30). The appeal to the Facility Commander submitted on February 9, 2021 alleges the following:

> This is an appeal in regards to my legal correspondence from the **courts** being open outside of my presence by the mail room. Handbook on mail indicates as does the Title 15 C.C.R. that mail from **state & federal courts** are confidential mail. To think it is not is a mistaken presumption. This is a clear invasion into my court matters. This department is an entity in direct interest in court proceedings in this county and also

19

for the district attorney's office."

(UF 32) [emphasis added].

Again, Plaintiff does not allege that any mail from his attorney was opened outside of his presence and does not reference Deputy Yeramishyn whatsoever. The Facility Commander provided a written response on February 11, 2021. (UF 32). Neither Plaintiff's grievance, nor his appeals, were sufficient to alert SCF to the issue upon which Plaintiff's lawsuit against Deputy Yeramishyn is based. Inmates do not serve to exhaust administrative remedies by interjecting new claims or changing claims during the grievance process, let alone during the course of litigation. *Brannon v. Covarrubias*, F. App'x ___, 2024 WL 1253788, at *2 (9th Cir. 2024); see *Sanchez v. Penner*, 2008 WL 544591, at *7 (E.D. Cal. Feb. 26, 2008), report and recommendation adopted, 2008 WL 892760 (E.D. Cal. Mar. 31, 2008) (holding that plaintiff failed to exhaust because his grievance, regardless of whether grievance named particular defendant, did not put prison on notice of plaintiff's claims against the particular defendant).

With respect to Deputy Gell, the first grievance submitted by Plaintiff while housed at CBDC regarding any allegation that mail from his attorney was being opened outside of his presence was on February 1, 2022 (reference incidents on January 14, 2022 and January 31, 2022). (UF 78). Plaintiff's grievance, however, does not reference any action, inaction or involvement on the part of Deputy Gell. (UF 78). Although the appeal Plaintiff submitted on February 3, 2022 does reference Deputy Gell, to the extent that Plaintiff's expanded allegations in the appeal are sufficient to alter SCF to the issue upon which Plaintiff's lawsuit against Deputy Gell is based, this is a moot point. Plaintiff received a response regarding his appeal on February 10, 2022. (UF 79). Plaintiff had 7 days by which to submit an appeal to the commander-level. He did not so do. (UF 79-82).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

20

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

### C. There is No Excuse For Plaintiff's Failure to Exhaust

With respect to the alleged incident on or about February 6, 2021, Plaintiff concedes that he was able to, and did, submit an appeal to the final level of review (i.e., the commander-level) on or about February 9, 2021. (TAC, ECF 54, Page 942, Lines 18-19). Plaintiff further concedes that with respect to the alleged incident on or about February 1, 2022, he received a response to his grievance appeal on February 10, 2022, but did not appeal to the commander-level. (TAC, ECF 54, Page 944, Lines 7-9). As such, Plaintiff is barred from arguing that he was somehow prevented from his ability to exhaust administrative remedies. For the reasons set forth above, Plaintiff did not exhaust administrative remedies prior to filing suit despite the fact that nothing prevented him from doing so. There is simply no excuse for Plaintiff's failure to exhaust administrative remedies prior to filing suit.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that summary judgment be granted in their favor and that this case be dismissed in its entirety.

Dated: November 5, 2025      **COLE HUBER LLP**

By:     /s/ Nicole R. Roggeveen
         Nicole R. Roggeveen
         Attorneys for Defendants Ruslan
         Yeramishyn and Robert Gell

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**CERTIFICATION**

The undersigned counsel of record for Defendants certifies that this brief contains 5,811 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 6, 2025                         **COLE HUBER LLP**


By:     /s/ Nicole R. Roggeveen
Nicole R. Roggeveen
Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

22

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

## PROOF OF SERVICE

**Ahmad Price v. Ruslan Yeramishyn, et al.**
**Case No. 5:23-cv-00608-JLS (AS)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Bernardino, State of California. My business address is 2855 E. Guasti Road, Suite 402, Ontario, CA 91761.

On November 7, 2025, I served true copies of the following document(s) described as

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; PROPOSED JUDGMENT**

on the interested parties in this action as follows:

Ahmad Raheem Price
BK NO. 202041230
P.O. Box 710
Riverside, CA 92501

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Cole Huber LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Ontario, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on November 7, 2025, at Ontario, California.

_____
Dawn Lenz

1
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT