NICOLE R. ROGGEVEEN, Bar No. 252587
nroggeveen@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>           Plaintiff,<br><br>      v.<br><br>RUSLAN YERAMISHYN;<br>ROBERT GELL;<br>DAVID HOLM; and DOES 1 to 8,<br><br>           Defendants. | Case No. 5:23-cv-00608-JLS (ASx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>FILED CONCURRENTLY HEREWITH:<br>1)   Response to Plaintiff's Statement of Additional Facts<br><br>Hon. Josephine L. Staton<br>UNITED STATES DISTRICT JUDGE<br><br>Hon. Alka Sagar<br>UNITED STATES MAGISTRATE JUDGE<br><br>Trial Date:        Not yet Set |

## I.    BASED ON THE UNDISPUTED FACTS, SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF DEFENDANT YERAMISHYN

On January 26, 2021, Plaintiff submitted the following grievance alleging that his mail from the District Court was opened outside of his presence:

Describe the reason for your grievance, in your own words. Please be specific. (*Use additional sheets if necessary.*)
(*Explique el motivo de su queja en sus propias palabras. Por favor sea especifico(a). Utilice hojas adicionales si es necesario.*)

I received mail from the District Court that was opened. This is a violation of privacy of legal correspondance. Legal mail is to be opened in my presence. This is the second time this has happened. This has a damaging effect on my legal actions and your department are Co party(ies) to Actors who has and continue to inflict injury upon me. I request a(n) immediate action by this Department to cease opening my legal mail.

(See *Cruz Declaration*, ECF 71-1, Page ID 1108, ¶ 32, **EXHIBIT 6**; see also *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 29**). The grievance does not reference or allege the opening of legal mail from his attorneys, nor does it reference or allege any wrongdoing on the part of Deputy Yeramishyn.

On February 4, 2021, Plaintiff submitted a grievance appeal stating that "Officer Yeramishyn [was] mistaken in what constitutes legal mail. Mail from the courts are inherently considered 'legal correspondence' per Title 15 Cal. Code of Regulations."

Describe the reason for your grievance, in your own words. Please be specific. (*Use additional sheets if necessary.*)
(*Explique el motivo de su queja en sus propias palabras. Por favor sea especifico(a). Utilice hojas adicionales si es necesario.*)

Officer Yeramishyn is mistaken in what constitutes legal mail. Mail from the courts are inherently considered "legal correspondance" per Title 15 Cal Code of Regulations. Furthermore it is improper to open my legal mail from the court for an action this department is holding me for as an Agent of the county and court who has instituted proceedings against my person. I demand that all opening of my legal mail cease and any further abuse I will add parties to a(n) tort action on tort claim.

(See *Cruz Declaration*, ECF 71-1, Page ID 1109, ¶ 33, **EXHIBIT 7**; see also *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 30**). The grievance appeal does not reference or allege the opening of legal mail from his attorneys, nor does it reference or allege any wrongdoing on the part of Deputy

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

2

Yeramishyn (other than Plaintiff's claim that Deputy Yeramishyn was "mistaken in what constitutes legal mail").

On February 9, 2021, Plaintiff submitted a grievance appeal to the Facility Commander regarding "[his] legal correspondence from the Courts being open outside of [his] presence by the mail room" and that the "handbook on mail indicates as does Title 15 C.C.R. that mail from state and federal courts are confidential mail."

> Describe the reason for your grievance, in your own words.  Please be specific.  *(Use additional sheets if necessary.)*
> *(Explique el motivo de su queja en sus propias palabras. Por favor sea especifico(a). Utilice hojas adicionales si es necesario.)*
>
> This is a(n) Appeal in regards to my legal Correspondance from the courts being open outside of my presence by the mail room. Hand book on MAIL indicates as does the Title 15 C.C.R. that mail from State & federal courts ARE confidential mail. To think it is not is a(n) mistaken presumption. This is a(n) Clear invasion into my Court matters. This department is an entity in direct intrest in court proceedings in this County and also for the District Attorneys Office. further my initial appeal should have been Conducted by a(n) lieutenant per hand book. Not again by the mail room.

(See *Cruz Declaration*, ECF 71-1, Page ID 1109, ¶ 35, **EXHIBIT 9**; see also *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 32**). Once again, the grievance appeal does not reference or allege the opening of legal mail from his attorneys, nor does it reference or allege any wrongdoing on the part of Deputy Yeramishyn.

Even assuming that Plaintiff's grievance and appeals are found to be sufficient to put the Jail Facility on notice that Deputy Yeramishyn opened Plaintiff's "legal correspondence from the courts…outside of [his] presence," neither Plaintiff's grievance, nor his appeals, allege that legal mail **from his attorneys** was opened outside of his presence. To qualify as legal mail subject to federal constitutional protection, the mail must constitute privileged communications between the prisoner and his or her attorney. See *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Mail sent from someone other than the prisoner's attorney does not become "legal mail" merely because it has some relation to a legal matter. It is well established, for example, that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

of reh'g, 135 F.3d 1318 (1998); see also *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (in accord, and finding that mail a prisoner received from a federal district court was not legal mail subject to First Amendment protection).

In his Third Amended Complaint, Plaintiff claims that Deputy Yeramishyn opened legal mail from his attorneys outside of his presence. Inmates do not serve to exhaust administrative remedies by interjecting new claims or changing claims during the grievance process, let alone during the course of litigation. *Brannon v. Covarrubias*, F. App'x ___, 2024 WL 1253788, at *2 (9th Cir. 2024); see *Sanchez v. Penner*, 2008 WL 544591, at *7 (E.D. Cal. Feb. 26, 2008), report and recommendation adopted, 2008 WL 892760 (E.D. Cal. Mar. 31, 2008) (holding that plaintiff failed to exhaust because his grievance, regardless of whether grievance named particular defendant, did not put prison on notice of plaintiff's claims against the particular defendant). Here, regardless of whether Plaintiff's grievance and appeals identified any wrongdoing on the part of Deputy Yeramishyn, neither Plaintiff's grievance, nor his appeals, put the Jail Facility on notice that legal mail **from his attorneys** was being opened outside of his presence. Pursuant to Plaintiff's grievance and appeals, he claimed that legal mail **from the courts** was being opened outside of his presence.

## II. BASED ON THE UNDISPUTED FACTS, SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF DEFENDANT GELL

At the time of the alleged incident on February 1, 2022, Plaintiff was housed at the Cois Byrd Detention Center ("CBDC"). (See *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 4**). Upon arrival at any of the RSO Detention Facilities, inmates are given a property box with their names and/or booking numbers on it. The property box given to inmates includes, among other items, a copy of the Inmate Orientation Guide, which provides an overview of the grievance procedure. (See *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 5**). Plaintiff was given a copy of the Inmate Orientation Guide. (See *Plaintiff's Declaration*, ECF 77, Page ID 1277, ¶ 3). Pursuant to the Inmate

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

Orientation Guide, an inmate has 10 days from the date of occurrence to file a grievance and 7 days from receipt of initial findings to file an appeal:

**GRIEVANCES**

Any inmate may file a grievance to complain about any condition of confinement over which the Riverside County Sheriff's Department has control, e.g., healthcare, classification status, disciplinary actions, program participation, telephone, mail, visiting procedures, food, clothing, and bedding. Inmates should attempt to resolve complaints informally by talking to or writing a "kite" to the housing deputy. If the complaint cannot be resolved informally, inmates may obtain an Inmate Grievance Form from any deputy or from the Grievance forms located in the housing units. Inmates have ten days to file a grievance from the date of occurrence. After completing the grievance form, an inmate may deposit it in the grievance mailbox located in the dayroom/housing unit. If there is no mailbox present, an inmate may return it to any deputy for processing. Grievances will be reviewed by a jail supervisor or manager, and the findings will be provided to the inmate in writing. An inmate may appeal these findings, in writing, within seven days of receiving the initial findings of the grievance. An appeal must stay within the boundaries of the original grievance and should explain why the initial findings of the grievance are being challenged or disputed. If an appeal is submitted, a lieutenant will review the original grievance, written appeal, and any relevant information regarding the investigation of the complaint. At the conclusion of this appeal review, the inmate will be provided with the findings in writing. An inmate may appeal the lieutenant's findings in writing within seven days of receiving the response. This second appeal will be reviewed by the jail commander and the findings will be provided to the inmate in writing. The jail commander's decision is final. Any inmate suspected of abusing the grievance process by submitting redundant, malicious, or abusive grievances may have their grievance privileges suspended.

(See *Cruz Declaration*, ECF 71-1, Page ID 1106, ¶ 6, **EXHIBIT 2**).

On February 1, 2022, Plaintiff submitted the grievance at issue (as it pertains to the claims against Defendant Gell). (See *Plaintiff's Declaration*, ECF 77, Page ID 1282, ¶¶ 28-29). On February 3, 2022, Plaintiff submitted an appeal regarding the findings pertaining to his grievance dated February 1, 2022. (See *Plaintiff's Declaration*, ECF 77, Page ID 1282, ¶ 31). On February 10, 2022, Plaintiff was provided with a response to the appeal he submitted on February 3, 2022. (See *Plaintiff's Declaration*, ECF 77, Page ID 1282-1283, ¶ 32). It is undisputed that Plaintiff received this response to his grievance appeal (and signed the bottom of the grievance form), but did not appeal to the final level of review. (See Third Amended Complaint, ECF 54, Page ID 944, Lines 7-9; see also *Defendants' Response to Plaintiff's Statement of Additional Facts*, **Uncontroverted Fact No. 79**).

Plaintiff has never alleged that he was prevented from exhausting administrative remedies regarding the grievance submitted on February 1, 2022. Nor does he claim that he was prevented from doing so in his opposition to Defendants' Motion for

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Summary Judgment.

To properly exhaust administrative remedies, a prisoner must complete the administrative grievance process in accordance with the prison's procedural's rules, including compliance with the agency's deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). It is undisputed that Plaintiff failed to do so.

## III.   <u>CONCLUSION</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ["Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (Citation omitted)]. A prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).

Here, the undisputed facts show that Plaintiff failed to exhaust available administrative remedies prior to filing suit against Defendants Deputy Yeramishyn and Deputy Gell. Therefore, it is respectfully requested that summary judgment be granted in favor of Defendants and that the case be dismissed in its entirety.

Dated:  February 10, 2026          **COLE HUBER LLP**

By: _____/s/ Nicole R. Roggeveen_____
Nicole R. Roggeveen
Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

## **PROOF OF SERVICE**

**Ahmad Price v. Ruslan Yeramishyn, et al.**
**Case No. 5:23-cv-00608-JLS (AS)**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Bernardino, State of California.  My business address is 2855 E. Guasti Road, Suite 402, Ontario, CA 91761.

On February 10, 2026, I served true copies of the following document(s) described as

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

on the interested parties in this action as follows:

Ahmad Raheem Price
BK NO. 202041230
30755 B Auld Road
Murrieta. CA 92563

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Cole Huber LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Ontario, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2026, at Ontario, California.

_____
Dawn Lenz

1
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT