NICOLE R. ROGGEVEEN, Bar No. 252587
nroggeveen@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>            Plaintiff,<br><br>     v.<br><br>RUSLAN YERAMISHYN;<br>ROBERT GELL;<br>DAVID HOLM; and DOES 1 to 8,<br><br>            Defendants. | Case No. 5:23-cv-00608-JLS (ASx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**<br><br>FILED CONCURRENTLY HEREWITH:<br>1)   Reply Brief<br><br>Hon. Josephine L. Staton<br>UNITED STATES DISTRICT JUDGE<br><br>Hon. Alka Sagar<br>UNITED STATES MAGISTRATE JUDGE<br><br>Trial Date:        Not yet Set |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

Plaintiff failed to file a Response to Defendants' Statement of Uncontroverted Facts and Conclusions of Law (instead electing to file his own Statement of Additional Facts without directly addressing Defendants' Uncontroverted Facts and Supporting Evidence). In an effort to assist the Court in determining which, if any, facts are disputed by Plaintiff, Defendants hereby respectfully submit the following Response to Plaintiff's Statement of Additional Facts. Defendants attempted, in good faith, to incorporate Plaintiff's Additional Facts and Supporting Evidence into Defendants' Statement of Uncontroverted Facts.

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| 1. | Plaintiff Ahmad Raheem Price ("Plaintiff") was booked into the Robert Presley Detention Center ("RPDC") on December 4, 2020 under Booking No. 202041230. *Cruz Declaration*, ¶ 4 **EXHIBIT 1** *Inmate Classification* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 2. | The alleged incidents underlying Plaintiff's Complaint purportedly occurred on or about February 6, 2021 and February 1, 2022. *Third Amended Complaint*, ECF 54 Page 942, Lines 9-10 Page 943, Lines 16-19 | **Plaintiff's Additional Fact No. 2** Plaintiff alleges the pattern and practice by the department's employees of opening/reading Plaintiff's properly marked legal mail sent by Plaintiff's attorneys outside of Plaintiff's presence began well before February 6, 2021 and well beyond February 9, 2022. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | (*Price Decl.*, ¶¶ 7, 10, 18, 27, 33, 39, 96; Ex. 1-5; *Cruz Decl.*, Ex. 6-7, 9, 36, 38, 55-56; *TAC*, ¶¶ 16-17, 21, 39, 42, 43) **Plaintiff's Additional Fact No. 13** The department's employees known and unknown, engaged in a(n) 'pattern and practice' of specifically targeting Plaintiff's legal mail from Plaintiff's attorneys and opening / reading the legal mail outside of Plaintiff's presence that was continuous for a year and a half. (*Price Decl.*, ¶¶ 7, 10, 18, 27, 33, 39, 96; Ex. 1-5; *Cruz Decl.*, Ex. 6-7, 9, 36, 38, 55-56; *TAC*, ¶¶ 16-17) **Plaintiff's Additional Fact No. 16** The department's employees pattern and practice of opening / reading Plaintiff's properly marked legal mail sent from Plaintiff's attorneys outside of Plaintiff's presence continued unabated. (*Price Decl.*, ¶¶ 7, 10, 18, 27, 33, 39, 96; Ex. 1-5; |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | *Cruz Decl.*, Ex. 6-7, 9, 36, 38, 55-56) |
| | | **Plaintiff's Additional Fact No. 17** |
| | | Plaintiff submitted a(n) grievance on May 21, 2022 regarding the ongoing opening / reading of Plaintiff's legal mail when multiple items of legal mail / legal documents sent by Plaintiff's attorneys was opened / read outside of Plaintiff's presence. On May 22, 2022, the department's employee Sergeant Rustad's formal response made no attempt towards a(n) resolution. (*Price Decl.*, ¶¶ 34-36; Ex. 1) |
| | | **Plaintiff's Additional Fact No. 19** |
| | | On June 17, 2022, Plaintiff appealed the Hatfield response to the final level of review. On July 14, 2022, a(n) formal response was provided by the department's employee C. Captain Holm regarding Plaintiff's assertions of legal mail sent from Plaintiff's attorneys being constantly opened / read outside of Plaintiff's |

4

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | presence, that begun before January 26, 2021 and was still occurring. Holm considered the matter closed without providing any remedy to Plaintiff. (*Price Decl.*, ¶ 35; Ex. 3) **Plaintiff's Additional Fact No. 20** On July 26, 2022, Plaintiff submitted a(n) grievance regarding Plaintiff's legal mail sent from Plaintiff's attorneys that was opened / read outside of Plaintiff's presence. This grievance was submitted again after the first grievance written on July 21, 2022 was unanswered and unreturned. (*Price Decl.*, ¶ 40; Ex. 4) **Plaintiff's Additional Fact No. 21** Plaintiff received a(n) Memorandum dated July 27, 2022 authored and signed by the department's employee C. Captain Holm that suspended Plaintiff's grievance privileges because of Plaintiff's repeated complaints regarding the pattern and practice of opening / reading |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | Plaintiff's properly marked legal mail, sent from Plaintiff's attorneys outside of Plaintiff's presence, engaged in by known and unknown employees of the department, that has been ongoing since January 2021. (*Price Decl.*, ¶ 41; Ex. 5) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, the Third Amended Complaint makes it clear that this fact is undisputed. Moreover, Plaintiff does not allege a *Monell* Claim and the County is not a Defendant in this action. Finally, Plaintiff's Exhibit 1 is a grievance regarding an incident that occurred on May 21, 2022. The incidents underlying Plaintiff's lawsuit allegedly occurred on February 6, 2021 and February 1, 2022. Exhibit 1 is a grievance regarding a different incident not involving allegations against Yeramishyn or Gell. | |
| 3. | At the time of the alleged incident on February 6, 2021, Plaintiff was housed at the Smith Correctional Facility ("SCF"). *Third Amended Complaint*, ECF 54 Page 942, Lines 9-10 | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 4. | At the time of the alleged incident on February 1, 2022, Plaintiff was housed at the Cois Byrd Detention Center | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

6

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | ("CBDC"). *Third Amended Complaint*, ECF 54 Page 943, Lines 16-19 | |
| 5. | Upon arrival at any of the RSO Detention Facilities, inmates are given a property box with their names and/or booking numbers on it. The property box given to inmates includes, among other items, a copy of the *Inmate Orientation Guide*, which provides an overview of the grievance procedure. *Cruz Declaration*, ¶ 6 **EXHIBIT 2** *Inmate Orientation Guide The Section entitled "Grievances" is highlighted.* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 6. | In addition to the *Inmate Orientation Guide*, information pertaining to the grievance process is provided to inmates via the Inmate Dedicated Channel in each housing unit and flyers posted in each housing unit. *Cruz Declaration*, ¶ 7 | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 7. | As reflected in the *Inmate Orientation Guide*, RSO has established policies | **Plaintiff's Additional Fact No. 1** Plaintiff has never been issued, nor |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | and procedures regarding inmate grievances. *Cruz Declaration*, ¶¶ 8-10 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | will Riverside County Sheriff's Department ("department") employees issue, or provide, the Corrections Divisions Policy Manual, the Larry D. Smith Correctional Facility Procedures, or the Cois Byrd Detention Center Procedures, or any of the aforementioned administrative sections, and Plaintiff has no knowledge of what they contain. (*Price Decl.*, ¶¶ 4, 5) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. **Price Declaration**, ECF 77, Page ID 1277, ¶ 3: "I was given a(n) 'Inmate Orientation' guide. Page 6 of the handbook purports to describe a 'grievance procedure' for filing grievances in the department's Jail." | |
| 8. | It is the policy and practice at all Riverside County Jail Facilities, including SCF and CBDC, that inmates may grieve any conditions of confinement. *Cruz Declaration*, ¶ 11 | **Plaintiff's Additional Fact No. 22** Plaintiff on numerous occasions submitted grievances that were collected by the department's Sergeants and had to submit grievance after grievance due to |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **EXHIBIT 2** *Inmate Orientation Guide*<br>**EXHIBIT 3** *RSO Policy 507.02*<br>**EXHIBIT 4** *SCF Procedure 507.02*<br>**EXHIBIT 5** *CBDC Procedure 507.02* | Plaintiff's grievances not being answered or returned. (*Price Decl.*, ¶ 42; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42, 43, 52)<br><br>**Plaintiff's Additional Fact No. 26**<br>Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52)<br><br>**Plaintiff's Additional Fact No. 27**<br>On January 2, 2025, Plaintiff submitted a(n) grievance regarding commissary. This grievance was not responded to or returned. (*Price Decl.*, ¶ 48, Ex. 6) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 36** <br> On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated May 8, 2025 was not recorded in the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 57, Ex. 15) <br> **Plaintiff's Additional Fact No. 37** <br> On August 25, 2025, the formal response to the rewritten grievance appeal dated August 21, 2025 by the department's employee C. Captain Vernal states, "You had seven days in which to file and appeal. You did not do so until now, well outside time frame. Therefore, no further response will be provided and this grievance is considered complete." (*Price Decl.*, ¶ 58, Ex. 16) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 55**<br>On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34)<br>**Plaintiff's Additional Fact No. 56**<br>On August 25, 2025, formal response to rewritten grievance appeal dated August 21, 2025, by the department's employee C. Captain Vernal states, "You did not appeal until now outside of appeal time restraints." (*Price Decl.*, ¶ 77, Ex. 35)<br>**Plaintiff's Additional Fact No. 57**<br>On July 6, 2025, Plaintiff submitted |

11

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) **Plaintiff's Additional Fact No. 59** On July 13, 2025, submitted a(n) grievance appeal to formal response dated July 13, 2025. This grievance appeal has not been responded to. (*Price Decl.*, ¶ 80, Ex. 38) **Plaintiff's Additional Fact No. 60** On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) **Plaintiff's Additional Fact No. 61** On July 20, 2025, Plaintiff submitted a(n) grievance regarding "Status of Grievances." This grievance has not |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | been responded to. (*Price Decl.*, ¶ 82, Ex. 40) **Plaintiff's Additional Fact No. 62** On August 3, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) **Plaintiff's Additional Fact No. 63** On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. (*Price Decl.*, ¶ 84, Ex. 42) **Plaintiff's Additional Fact No. 64** On September 4, 2025, Plaintiff submitted a(n) second rewritten |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) |
| | | **Plaintiff's Additional Fact No. 65** |
| | | On September 28, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) |
| | | **Plaintiff's Additional Fact No. 66** |
| | | On August 27, 2025, Plaintiff submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) |
| | | **Plaintiff's Additional Fact No. 67** |
| | | On September 6, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | 88, Ex. 46) |
| | | **Plaintiff's Additional Fact No. 70** |
| | | On August 30, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated August 29, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 91, Ex. 49) |
| | | **Plaintiff's Additional Fact No. 71** |
| | | On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. (*Price Decl.*, ¶ 92, Ex. 50) |
| | | **Plaintiff's Additional Fact No. 72** |
| | | On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) |
| | | **Plaintiff's Additional Fact No. 74** |
| | | On November 11, 2025, formal response to Plaintiff's grievance |

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |
| | **Defendants' Response and Supporting Evidence** Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 9. | Inmates have ten (10) days after the date of occurrence by which to submit a grievance. *Cruz Declaration*, ¶ 12 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 1** Plaintiff has never been issued, nor will Riverside County Sheriff's Department ("department") employees issue, or provide, the Corrections Divisions Policy Manual, the Larry D. Smith Correctional Facility Procedures, or the Cois Byrd Detention Center Procedures, or any of the |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

16

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | aforementioned administrative sections, and Plaintiff has no knowledge of what they contain. (*Price Decl.*, ¶¶ 4-5) |
| | **Defendants' Response and Supporting Evidence**<br><br>Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one.<br><br>**Price Declaration**, ECF 77, Page ID 1277, ¶ 3: "I was given a(n) 'Inmate Orientation' guide. Page 6 of the handbook purports to describe a 'grievance procedure' for filing grievances in the department's Jail." | |
| 10. | Inmates should try, but are not required, to resolve a grievance informally by talking to or writing a "kite" (also known as an inmate request form) to the housing deputy.<br><br>*Cruz Declaration*, ¶ 13<br><br>**EXHIBIT 2** *Inmate Orientation Guide*<br><br>**EXHIBIT 3** *RSO Policy 507.02*<br><br>**EXHIBIT 4** *SCF Procedure 507.02*<br><br>**EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

17

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 11. | It is the practice and procedure at SCF and CBDC that correctional deputies attempt to resolve inmate grievances at the lowest possible level. *Cruz Declaration*, ¶ 14 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 14** Plaintiff again alerted the department of the continued opening of several items of properly marked legal mail sent by Plaintiff's attorneys that was opening outside of Plaintiff's presence, by submitting a(n) grievance on February 1, 2022 and referencing the granting of grievance dated February 9, 2021. During Plaintiff's interview with Gell on February 2, 2022, Gell told Plaintiff that he [Gell] opened Plaintiff's legal mail. Gell's formal response made reference to a(n) policy not provided to Plaintiff with no attempt towards resolution. (*Price Decl.*, ¶¶ 28-30; *TAC*, ¶ 21; *Cruz Decl.*, Ex. 55) **Plaintiff's Additional Fact No. 17** Plaintiff submitted a(n) grievance on May 21, 2022 regarding the ongoing opening / reading of Plaintiff's legal mail when multiple items of legal mail / legal documents sent by |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

18

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | Plaintiff's attorneys was opened / read outside of Plaintiff's presence. On May 22, 2022, the department's employee Sergeant Rustad's formal response made no attempt towards a(n) resolution. (*Price Decl.*, ¶¶ 34-36, Ex. 1) **Plaintiff's Additional Fact No. 22** Plaintiff on numerous occasions submitted grievances that were collected by the department's Sergeants and had to submit grievance after grievance due to Plaintiff's grievances not being answered or returned. (*Price Decl.*, ¶ 42; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | **Plaintiff's Additional Fact No. 27**<br>On January 2, 2025, Plaintiff submitted a(n) grievance regarding commissary. This grievance was not responded to or returned. (*Price Decl.*, ¶ 48, Ex. 6)<br>**Plaintiff's Additional Fact No. 36**<br>On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated May 8, 2025 was not recorded in the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 57, Ex. 15)<br>**Plaintiff's Additional Fact No. 37**<br>On August 25, 2025, the formal response to the rewritten grievance appeal dated August 21, 2025 by the department's employee C. Captain Vernal states, "You had seven days in which to file and appeal. You did |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | not do so until now, well outside time frame. Therefore, no further response will be provided and this grievance is considered complete." (*Price Decl.*, ¶ 58, Ex. 16) **Plaintiff's Additional Fact No. 42** On May 2, 2025, Plaintiff submitted grievance appeal to formal response dated April 29, 2025, to the final level of review. This grievance has never been responded to. (*Price Decl.*, ¶ 63, Ex. 21) **Plaintiff's Additional Fact No. 47** On May 2, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated May 1, 2025, to the final level of review. This grievance has not been responded to. (*Price Decl.*, ¶ 68, Ex. 26) **Plaintiff's Additional Fact No. 55** On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34) **Plaintiff's Additional Fact No. 56** On August 25, 2025, formal response to rewritten grievance appeal dated August 21, 2025, by the department's employee C. Captain Vernal states, "You did not appeal until now outside of appeal time restraints." (*Price Decl.*, ¶ 77, Ex. 35) **Plaintiff's Additional Fact No. 57** On July 6, 2025, Plaintiff submitted a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) |
| | | **Plaintiff's Additional Fact No. 59** |
| | | On July 13, 2025, submitted a(n) grievance appeal to formal response dated July 13, 2025. This grievance appeal has not been responded to. (*Price Decl.*, ¶ 80, Ex. 38) |
| | | **Plaintiff's Additional Fact No. 60** |
| | | On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) |
| | | **Plaintiff's Additional Fact No. 61** |
| | | On July 20, 2025, Plaintiff submitted a(n) grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 82, Ex. 40) |
| | | **Plaintiff's Additional Fact No. 62** |
| | | On August 3, 2025, Plaintiff submitted a(n) second rewritten |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) **Plaintiff's Additional Fact No. 63** On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. (*Price Decl.*, ¶ 84, Ex. 42) **Plaintiff's Additional Fact No. 64** On September 4, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | **Plaintiff's Additional Fact No. 65** On September 28, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) |
| | | **Plaintiff's Additional Fact No. 66** On August 27, 2025, Plaintiff submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) |
| | | **Plaintiff's Additional Fact No. 67** On September 6, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 88, Ex. 46) |
| | | **Plaintiff's Additional Fact No. 70** On August 30, 2025, Plaintiff submitted a(n) grievance appeal to |

26

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | formal response dated August 29, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 91, Ex. 49) **Plaintiff's Additional Fact No. 71** On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. (*Price Decl.*, ¶ 92, Ex. 50) **Plaintiff's Additional Fact No. 72** On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) **Plaintiff's Additional Fact No. 74** On November 11, 2025, formal response to Plaintiff's grievance dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

27

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **Defendants' Response and Supporting Evidence**<br><br>Plaintiff offers no evidence to dispute this fact. Moreover, Plaintiff does not allege a *Monell* Claim and the County is not a Defendant in this action. Finally, Plaintiff's Exhibit 1 is a grievance regarding an incident that occurred on May 21, 2022. The incidents underlying Plaintiff's lawsuit allegedly occurred on February 6, 2021 and February 1, 2022. Exhibit 1 is a grievance regarding a different incident not involving allegations against Yeramishyn or Gell. The undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 12. | Pursuant to Corrections Division Policy No. 507.02, Section 1.1, grievance forms are made available at all times in all Riverside County jails.<br>*Cruz Declaration*, ¶ 15<br>**EXHIBIT 3** *RSO Policy 507.02*<br>**EXHIBIT 4** *SCF Procedure 507.02*<br>**EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 13. | Grievance forms consist of 4 sheets of carbon copy paper, which are distributed as follows: the white copy is placed in the Inmate Booking File; the yellow copy is for the Facility Commander; the pink copy is for the inmate; and the goldenrod copy serves as the inmate's receipt. *Cruz Declaration*, ¶ 16 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 14. | Pursuant to Corrections Division Policy No. 507.02, Section 1.2, no staff member can refuse to accept an inmate grievance. *Cruz Declaration*, ¶ 17 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 24** Plaintiff on numerous occasions has asked the department's employees (correctional deputies) to sign the grievance written by Plaintiff in the "received by" portion of the grievance and they refused to do so. (*Price Decl*., ¶ 44) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 27** On January 2, 2025, Plaintiff submitted a(n) grievance regarding commissary. This grievance was not responded to or returned. (*Price Decl.*, ¶ 48, Ex. 6) |

**Defendants' Response and Supporting Evidence**

Plaintiff offered no evidence to dispute this fact. Plaintiff's grievances were obviously accepted. The undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. It is also undisputed that inmates have the unhindered option of depositing their grievances into a locked repository box, which can only be accessed using a key in the possession of the Floor Sergeant responsible for

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | collective grievances. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 15. | Inmates nonetheless have the unhindered option of depositing their grievances into a locked repository box, which can only be accessed using a key in the possession of the Floor Sergeant responsible for collecting the grievances. *Cruz Declaration*, ¶ 18 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 16. | Grievances are collected twice a day, seven (7) days a week. *Cruz Declaration*, ¶ 19 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 17. | After collection, grievances are entered into JIMS by the Floor Sergeant, who then determines how the grievance should be handled. *Cruz Declaration*, ¶ 20 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 36** On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated May 8, 2025 was not recorded in the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 57, Ex. 15) **Plaintiff's Additional Fact No. 55** On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 after voicing a(n) complaint to the department's employee Sergeant |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | Seagreaves who after investigation informed Plaintiff that grievance appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34) **Plaintiff's Additional Fact No. 57** On July 6, 2025, Plaintiff submitted a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) **Plaintiff's Additional Fact No. 60** On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) **Plaintiff's Additional Fact No. 61** On July 20, 2025, Plaintiff submitted |

34

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | a(n) grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 82, Ex. 40) **Plaintiff's Additional Fact No. 62** On August 3, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) **Plaintiff's Additional Fact No. 63** On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. (*Price Decl.*, ¶ 84, Ex. 42) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 64**<br>On September 4, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) |
| | | **Plaintiff's Additional Fact No. 65**<br>On September 28, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) |
| | | **Plaintiff's Additional Fact No. 66**<br>On August 27, 2025, Plaintiff submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) |
| | | **Plaintiff's Additional Fact No. 67**<br>On September 6, 2025, Plaintiff submitted a(n) second rewritten |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 88, Ex. 46) **Plaintiff's Additional Fact No. 71** On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. (*Price Decl.*, ¶ 92, Ex. 50) **Plaintiff's Additional Fact No. 72** On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) **Plaintiff's Additional Fact No. 74** On November 11, 2025, formal response to Plaintiff's grievance dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

37

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **Defendants' Response and Supporting Evidence** Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 18. | Inmate grievances are tracked electronically using the JIMS Grievance Tracking System; in the event that a paper grievance is lost or misplaced, the JIMS Grievance Tracking System maintains an electronic record of the grievance and response provided. *Cruz Declaration*, ¶ 21 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

38

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. ( *Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 27** On January 2, 2025, Plaintiff submitted a(n) grievance regarding commissary. This grievance was not responded to or returned. (*Price Decl.*, ¶ 48, Ex. 6) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | **Plaintiff's Additional Fact No. 36**<br>On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated May 8, 2025 was not recorded in the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 57, Ex. 15)<br>**Plaintiff's Additional Fact No. 37**<br>On August 25, 2025, the formal response to the rewritten grievance appeal dated August 21, 2025 by the department's employee C. Captain Vernal states, "You had seven days in which to file and appeal. You did not do so until now, well outside time frame. Therefore, no further response will be provided and this grievance is considered complete." (*Price Decl.*, ¶ 58, Ex. 16) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 55**<br>On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34)<br>**Plaintiff's Additional Fact No. 56**<br>On August 25, 2025, formal response to rewritten grievance appeal dated August 21, 2025, by the department's employee C. Captain Vernal states, "You did not appeal until now outside of appeal time restraints." (*Price Decl.*, ¶ 77, Ex. 35)<br>**Plaintiff's Additional Fact No. 57**<br>On July 6, 2025, Plaintiff submitted |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

41

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) **Plaintiff's Additional Fact No. 60** On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) **Plaintiff's Additional Fact No. 61** On July 20, 2025, Plaintiff submitted a(n) grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 82, Ex. 40) **Plaintiff's Additional Fact No. 62** On August 3, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Status of |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) |
| | | **Plaintiff's Additional Fact No. 63** |
| | | On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. (*Price Decl.*, ¶ 84, Ex. 42) |
| | | **Plaintiff's Additional Fact No. 64** |
| | | On September 4, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) |
| | | **Plaintiff's Additional Fact No. 65** |
| | | On September 28, 2025, Plaintiff |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) **Plaintiff's Additional Fact No. 66** On August 27, 2025, Plaintiff submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) **Plaintiff's Additional Fact No. 67** On September 6, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 88, Ex. 46) **Plaintiff's Additional Fact No. 71** On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | (*Price Decl.*, ¶ 92, Ex. 50) **Plaintiff's Additional Fact No. 72** On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) **Plaintiff's Additional Fact No. 74** On November 11, 2025, formal response to Plaintiff's grievance dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |

**Defendants' Response and Supporting Evidence**

Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

45

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | he actually submitted were responded to. | |
| 19. | A supervisor (typically a Sergeant) will attempt to resolve the grievance and will document his or her findings and resolutions on the grievance form, as well as in the JIMS Grievance Tracking System.<br><br>*Cruz Declaration*, ¶ 22<br>**EXHIBIT 3** *RSO Policy 507.02*<br>**EXHIBIT 4** *SCF Procedure 507.02*<br>**EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 23**<br>When Plaintiff is transferred to another jail facility, grievances Plaintiff filed in the facility prior to transfer were rarely answered / returned in the next facility and grievances Plaintiff filed in the new facility to address grievances submitted in the prior facility are mostly unanswered and unreturned. (*Price Decl.*, ¶ 43)<br>**Plaintiff's Additional Fact No. 25**<br>Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

46

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 55** On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 after voicing a(n) complaint to the |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34) **Plaintiff's Additional Fact No. 57** On July 6, 2025, Plaintiff submitted a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) **Plaintiff's Additional Fact No. 60** On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | **Plaintiff's Additional Fact No. 61**<br>On July 20, 2025, Plaintiff submitted a(n) grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 82, Ex. 40) |
| | | **Plaintiff's Additional Fact No. 62**<br>On August 3, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) |
| | | **Plaintiff's Additional Fact No. 63**<br>On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | (*Price Decl.*, ¶ 84, Ex. 42) |
| | | **Plaintiff's Additional Fact No. 64** |
| | | On September 4, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) |
| | | **Plaintiff's Additional Fact No. 65** |
| | | On September 28, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) |
| | | **Plaintiff's Additional Fact No. 66** |
| | | On August 27, 2025, Plaintiff submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) |
| | | **Plaintiff's Additional Fact No. 67** |
| | | On September 6, 2025, Plaintiff |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | submitted a(n) second rewritten grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 88, Ex. 46) **Plaintiff's Additional Fact No. 71** On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. (*Price Decl.*, ¶ 92, Ex. 50) **Plaintiff's Additional Fact No. 72** On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) **Plaintiff's Additional Fact No. 74** On November 11, 2025, formal response to Plaintiff's grievance dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | **Defendants' Response and Supporting Evidence** Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 20. | If necessary, the supervisor may forward the grievance to another more appropriate supervisor for resolution, such as a supervisor over medical, mail, classification, or transportation. *Cruz Declaration*, ¶ 23 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 23** When Plaintiff is transferred to another jail facility, grievances Plaintiff filed in the facility prior to transfer were rarely answered / returned in the next facility and grievances Plaintiff filed in the new facility to address grievances submitted in the prior facility are mostly unanswered and unreturned. (*Price Decl.*, ¶ 43) **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and |

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) |
| | **Defendants' Response and Supporting Evidence** Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. | |
| 21. | Inmate grievances need to be investigated and discussed with the inmate within ten (10) days of being submitted. *Cruz Declaration*, ¶ 24 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 22** Plaintiff on numerous occasions submitted grievances that were collected by the department's Sergeants and had to submit grievance after grievance due to Plaintiff's grievances not being answered or returned. (*Price Decl.*, ¶ 42; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | Plaintiff by not answering the grievance, not returning the grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | Ex. 17-18, 35-36, 38, 42-43, 52) |
| | | **Plaintiff's Additional Fact No. 27** |
| | | On January 2, 2025, Plaintiff submitted a(n) grievance regarding commissary. This grievance was not responded to or returned. (*Price Decl.*, ¶ 48, Ex. 6) |
| | | **Plaintiff's Additional Fact No. 28** |
| | | On January 13, 2025, Plaintiff submitted a(n) rewritten grievance due to no response or return of grievance submitted January 2, 2025. (*Price Decl.*, ¶ 49, Ex. 7) |
| | | **Plaintiff's Additional Fact No. 29** |
| | | On January 14, 2025, formal response to rewritten grievance dated January 13, 2025 stating "grievance is past 10 days;" "No original grievance in the system." (*Price Decl.*, ¶ 50, Ex. 8) |
| | | **Plaintiff's Additional Fact No. 31** |
| | | On April 27, 2025, Plaintiff submitted a(n) rewritten grievance due to no response to or return of |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | grievance submitted on April 12, 2025. (*Price Decl*., ¶ 52, Ex. 10)<br><br>**Plaintiff's Additional Fact No. 36**<br><br>On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance appeal dated May 8, 2025 was not recorded in the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl*., ¶ 57, Ex. 15)<br><br>**Plaintiff's Additional Fact No. 37**<br><br>On August 25, 2025, the formal response to the rewritten grievance appeal dated August 21, 2025 by the department's employee C. Captain Vernal states, "You had seven days in which to file and appeal. You did not do so until now, well outside time frame. Therefore, no further response will be provided and this grievance is considered complete." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

57

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | (*Price Decl.*, ¶ 58, Ex. 16) **Plaintiff's Additional Fact No. 42** On May 2, 2025, Plaintiff submitted grievance appeal to formal response dated April 29, 2025, to the final level of review. This grievance has never been responded to. (*Price Decl.*, ¶ 63, Ex. 21) **Plaintiff's Additional Fact No. 47** On May 2, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated May 1, 2025, to the final level of review. This grievance has not been responded to. (*Price Decl.*, ¶ 68, Ex. 26) **Plaintiff's Additional Fact No. 55** On August 21, 2025, Plaintiff resubmitted rewritten grievance appeal to the final level of review of grievance appeal dated June 2, 2025 after voicing a(n) complaint to the department's employee Sergeant Seagreaves who after investigation informed Plaintiff that grievance |

58

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | appeal dated June 2, 2025 was not recorded into the system and instructed Plaintiff to rewrite and resubmit. (*Price Decl.*, ¶ 76, Ex. 34) **Plaintiff's Additional Fact No. 56** On August 25, 2025, formal response to rewritten grievance appeal dated August 21, 2025, by the department's employee C. Captain Vernal states, "You did not appeal until now outside of appeal time restraints." (*Price Decl.*, ¶ 77, Ex. 35) **Plaintiff's Additional Fact No. 57** On July 6, 2025, Plaintiff submitted a(n) grievance regarding "Bowls be Allowed in Commissary." This grievance was rewritten and resubmitted due to no response or return of initial grievance submitted on June 26, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 78, Ex. 36) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
| --- | --- | --- |
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 60** On July 13, 2025, Plaintiff submitted a(n) grievance regarding "Access to Courts." This grievance has not been responded to. (*Price Decl.*, ¶ 81, Ex. 39) |
| | | **Plaintiff's Additional Fact No. 61** On July 20, 2025, Plaintiff submitted a(n) grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 82, Ex. 40) |
| | | **Plaintiff's Additional Fact No. 62** On August 3, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Status of Grievances." This grievance has not been responded to. (*Price Decl.*, ¶ 83, Ex. 41) |
| | | **Plaintiff's Additional Fact No. 63** On August 25, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures." This grievance has not been responded to. |

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | On September 4, 2025, the department's employee Corporal Coronel informed Plaintiff that the grievance was not recorded in the system, after Plaintiff requested she look into the grievance's status. (*Price Decl.*, ¶ 84, Ex. 42) **Plaintiff's Additional Fact No. 64** On September 4, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Grievance Procedures." This grievance has not been responded to. (*Price Decl.*, ¶ 85, Ex. 43) **Plaintiff's Additional Fact No. 65** On September 28, 2025, Plaintiff submitted a(n) grievance regarding "Grievance Procedures" in a(n) attempt to reach the next level of review and obtain a response. This grievance has not been responded to. (*Price Decl.*, ¶ 86, Ex. 44) **Plaintiff's Additional Fact No. 66** On August 27, 2025, Plaintiff |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | submitted a(n) grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 87, Ex. 45) **Plaintiff's Additional Fact No. 67** On September 6, 2025, Plaintiff submitted a(n) second rewritten grievance regarding "Staff Misconduct." This grievance has not been responded to. (*Price Decl.*, ¶ 88, Ex. 46) **Plaintiff's Additional Fact No. 71** On September 6, 2025, Plaintiff submitted a(n) grievance regarding "Distribution of Hot Meal." This grievance has not been responded to. (*Price Decl.*, ¶ 92, Ex. 50) **Plaintiff's Additional Fact No. 72** On September 19, 2025, Plaintiff submitted a(n) grievance regarding "Non Response to Prior Grievance in Prior Facility." This grievance has not been responded to. (*Price Decl.*, ¶ 93, Ex. 51) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | **Plaintiff's Additional Fact No. 74** On November 11, 2025, formal response to Plaintiff's grievance dated October 26, 2025 states, "unable to locate any grievances." (*Price Decl.*, ¶ 95, Ex. 53) |
| | **Defendants' Response and Supporting Evidence** Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | | |
| 22. | Inmates are asked to sign the bottom of the grievance form and are provided with the pink inmate copy. *Cruz Declaration*, ¶ 25 **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 25** Plaintiff has experienced numerous instances where the department's employees will not attempt to resolve grievances submitted by Plaintiff by not answering the grievance, not returning the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | grievance, not recording the grievance, or will give a(n) formal response citing a(n) unknown "policy" not provided to Plaintiff, or will respond with statements like "mail process explained," which failed to resolve the grievance, or provide any effective or adequate remedy. (*Price Decl.*, ¶ 45) **Plaintiff's Additional Fact No. 26** Plaintiff has submitted numerous grievances that were not answered, returned or recorded after Plaintiff placed them into the grievance box and collected by the department's Sergeants that prolonged and delayed the grievance process causing time constraints to lapse without fault of Plaintiff and rendering Plaintiff without any remedy. (*Price Decl.*, ¶ 46; *Mosby Decl.*; *Armstead Decl.*; *Cruz Decl.*, Ex. 17-18, 35-36, 38, 42-43, 52) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **Defendants' Response and Supporting Evidence**<br><br>Plaintiff offered no evidence to dispute this fact. Furthermore, the undisputed evidence shows that between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals, with a response being provided to each one. | |
| 23. | The bottom of the grievance form instructs inmates to refer to the *Inmate Orientation Guide* for information regarding the grievance process, including their right to appeal initial findings.<br><br>*Cruz Declaration*, ¶ 26<br><br>**EXHIBIT 2** *Inmate Orientation Guide*<br><br>**EXHIBIT 3** *RSO Policy 507.02*<br><br>**EXHIBIT 4** *SCF Procedure 507.02*<br><br>**EXHIBIT 5** *CBDC Procedure 507.02*<br><br>**EXHIBITS 6-59** *Grievances* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 24. | Inmates may submit a hand-written appeal to the grievance findings and/or resolution within seven (7) days.<br><br>*Cruz Declaration*, ¶ 27<br><br>**EXHIBIT 2** *Inmate Orientation Guide*<br><br>**EXHIBIT 3** *RSO Policy 507.02*<br><br>**EXHIBIT 4** *SCF Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **EXHIBIT 5** *CBDC Procedure 507.02* | |
| 25. | The written appeal will be forwarded to the supervisor's lieutenant, who will review the original findings, findings and appeal letter, and provide a written response addressing the inmate's concern or request. *Cruz Declaration*, ¶ 28 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | **Plaintiff's Additional Fact No. 12** On August 18, 2021, Plaintiff submitted a(n) grievance regarding the grievance process due to receiving no answer to grievances dated July 20, 2021 and July 26, 2021, along with other grievances. Plaintiff was interviewed some days later by a(n) department employee and Plaintiff expressed concerns regarding non response to grievances submitted by Plaintiff, as the prolonged responses prejudiced time frames. During the discussion grievances dated July 20, 2021, and July 26, 2021, were given to Plaintiff by a(n) second department employee that contained identical responses. Plaintiff submitted grievance appeals attaching the grievance copies, and was transferred shortly thereafter to another facility and the grievance appeals with the attachments were |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | unanswered and unreturned. (*Price Decl.*, ¶¶ 22-26; *Cruz Decl.*, Ex. 43) **Plaintiff's Additional Fact No. 51** On May 16, 2025, Plaintiff resubmitted rewritten grievance appeal due to no response to grievance appeal submitted on May 3, 2025. (*Price Decl.*, ¶ 72, Ex. 30) **Plaintiff's Additional Fact No. 52** On May 26, 2025, Plaintiff resubmitted rewritten grievance appeal due to no response to rewritten grievance appeal dated May 16, 2025. (*Price Decl.*, ¶ 73, Ex. 31) **Plaintiff's Additional Fact No. 59** On July 13, 2025, submitted a(n) grievance appeal to formal response dated July 13, 2025. This grievance appeal has not been responded to. (*Price Decl.*, ¶ 80, Ex. 38) **Plaintiff's Additional Fact No. 70** On August 30, 2025, Plaintiff submitted a(n) grievance appeal to |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | formal response dated August 29, 2025. This grievance has not been responded to. (*Price Decl.*, ¶ 91, Ex. 49) |
| | **Defendants' Response and Supporting Evidence** Plaintiff offers no evidence to support any dispute as to this fact. With respect to Plaintiff's Additional Facts Nos. 27-74, these apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. | |
| 26. | Grievances not resolved at the lieutenant level may be appealed to the facility commander within seven (7) days. *Cruz Declaration*, ¶ 29 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 27. | The facility commander will be the final authority for the disposition of the grievance and will provide a | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | written response. *Cruz Declaration*, ¶ 30 **EXHIBIT 2** *Inmate Orientation Guide* **EXHIBIT 3** *RSO Policy 507.02* **EXHIBIT 4** *SCF Procedure 507.02* **EXHIBIT 5** *CBDC Procedure 507.02* | |
| 28. | Between January 26, 2021 and May 10, 2022, Plaintiff submitted 47 grievances, consisting of both initial grievances and grievance appeals. *Cruz Declaration*, ¶ 31 **EXHIBITS 6-59** *Grievances* | **Plaintiff's Additional Fact No. 21** Plaintiff received a(n) Memorandum dated July 27, 2022 authored and signed by the department's employee C. Captain Holm that suspended Plaintiff's grievance privileges because of Plaintiff's repeated complaints regarding the pattern and practice of opening / reading Plaintiff's properly marked legal mail, sent from Plaintiff's attorneys outside of Plaintiff's presence, engaged in by known and unknown employees of the department, that has been ongoing since January 2021. (*Price Decl.*, ¶ 41, Ex. 5) |
| | **Defendants' Response and Supporting Evidence** | |
| | Plaintiff offers no evidence to dispute this fact. Moreover, Plaintiff does not | |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | allege a *Monell* Claim and the County is not a Defendant in this action. Finally, Plaintiff's Exhibit 1 is a grievance regarding an incident that occurred on May 21, 2022. The incidents underlying Plaintiff's lawsuit allegedly occurred on February 6, 2021 and February 1, 2022. Exhibit 1 is a grievance regarding a different incident not involving allegations against Yeramishyn or Gell. | |
| 29. | On January 26, 2021, Plaintiff submitted a grievance stating that he "received mail from the District Court that was opened…in violation of privacy of legal correspondence." The grievance did not reference or allege any wrongdoing on the part of Deputy Yeramishyn or Deputy Gell. *Cruz Declaration*, ¶ 32 **EXHIBIT 6** *Grievance 01 | 26 | 21* | **Plaintiff's Additional Fact No. 3** The department's employees Yeramishyn, Gell and Does 1 to 7 were assigned as mail room deputies at their respective jail facility, and were responsible for sorting, inspecting, and distributing all incoming regular and legal mail into the jail facility. (*Price Decl.*, ¶¶ 8, 9; *TAC*, ¶¶ 7, 39, 43) **Plaintiff's Additional Fact No. 4** Prior to Plaintiff's grievance submission on January 26, 2021, Plaintiff had initially submitted a(n) grievance regarding the opening of legal mail sent by Plaintiff's attorney's outside of Plaintiff's presence that went unanswered and unreturned. Plaintiff attempted to |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | submit an second grievance when mail from the court was opened outside Plaintiff's presence and include in that grievance, the date and issue regarding opened legal mail sent from Plaintiff's attorneys outside of Plaintiff's presence that was relected [sic]. Plaintiff was told to rewrite and not include the issue regarding legal mail from Plaintiff's attorney and that Plaintiff didn't grieve within time limits. (*Price Decl.*, ¶¶ 11-14; *TAC*, ¶¶ 16-17) **Plaintiff's Additional Fact No. 5** On January 26, 2021, Plaintiff's third submitted grievance was accepted. Plaintiff made inferences regarding legal mail from Plaintiff's attorneys being opened outside of Plaintiff's presence and that this was the second occurrence of legal mail being opened outside of Plaintiff's presence. (*Price Decl.*, ¶¶ 14-15; *Cruz Decl.*, Ex. 6) |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | **Plaintiff's Additional Fact No. 6** During Plaintiff's interview with Yeramishyn on February 1, 2021, Yeramishyn told Plaintiff that he (Yeramishyn) opened Plaintiff's legal mail when Plaintiff expressed concerns regarding the opening of legal mail sent by Plaintiff's criminal defense attorneys, as well as the courts. Yeramishyn's formal response stated, "mail process was explained," without a(n) attempt towards resolution. (*Price Decl.*, ¶ 15; *Cruz Decl.*, Ex. 6) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. **Price Declaration**, ECF 77, Page ID 1279, ¶ 14: "On January 26, 2021, I submitted a(n) grievance alerting the department that legal mail was being opened outside of my presence… (Cruz Declaration Exhibit # 6)." | |
| 30. | On February 4, 2021, Plaintiff submitted a grievance appeal stating that "Officer Yeramishyn [was] mistaken in what constitutes legal | **Plaintiff's Additional Fact No. 3** The department's employees Yeramishyn, Gell and Does 1 to 7 were assigned as mail room deputies |

72

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | mail. Mail from the courts are inherently considered 'legal correspondence' per Title 15 Cal. Code of Regulations." The grievance appeal did not allege that Deputy Yeramishyn opened Plaintiff's legal mail, but rather, that Deputy Yeramishyn was mistaken in what constitutes legal mail. *Cruz Declaration*, ¶ 33 **EXHIBIT 7** *Appeal 02 / 04 / 21* | at their respective jail facility, and were responsible for sorting, inspecting, and distributing all incoming regular and legal mail into the jail facility. (*Price Decl.*, ¶¶ 8-9; *TAC*, ¶¶ 7, 39, 43)  **Plaintiff's Additional Fact No. 7**  Plaintiff submitted a(n) grievance appeal on February 4, 2021, again infering [sic] legal mail sent from Plaintiff's attorneys and court proceedings tied to Plaintiff's criminal matter stating, "It is improper to open my legal mail from the court for an action this department is holding me for, as an agent of the county and court that has instituted proceedings against my person." Plaintiff requested a(n) remedy, that the opening of legal mail cease. Yeramishyn again responded to Plaintiff's appeal (in violation of the grievance protocols) who's formal response again |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | provided no adequate remedy and repeated the formal response given on February 1, 2021. (*Price Decl.*, ¶ 16; *Cruz Decl.*, Ex. 7) |
| | **Defendants' Response and Supporting Evidence** <br><br> Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. <br><br> **Price Declaration**, ECF 77, Page ID 1279, ¶ 16: "On February 4, 2021, I submitted a(n) grievance appeal stating, 'It is improper to open my legal mail from the court, for an action this department is holding me for, as an agent of the county and court that has instituted proceedings against my person.'…(Cruz Declaration Exhibit # 7)." | |
| 31. | On February 5, 2021, Plaintiff submitted a grievance regarding his request for a satanic bible. <br> *Cruz Declaration*, ¶ 34 <br> **EXHIBIT 8** *Grievance 02 | 05 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 32. | On February 9, 2021, Plaintiff submitted a grievance appeal to the Facility Commander regarding "[his] legal correspondence from the Courts being open outside of [his] presence by the mail room" and that the "handbook on mail indicates as does | **Plaintiff's Additional Fact No. 8** <br> On February 9, 2021, Plaintiff appealed to the final level of review. On February 11, 2021, Plaintiff was interviewed by Sergeant Schultz, C Captain Reed's designee. Plaintiff discuss the opening of legal mail that |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | Title 15 C.C.R. that mail from state and federal courts are confidential mail." The grievance appeal did not allege that Deputy Yeramishyn opened Plaintiff's legal mail. *Cruz Declaration*, ¶ 35 **EXHIBIT 9** *Grievance 02 | 09 | 21* | occurred outside of Plaintiff's presence on more than one occasion involving mail from Plaintiffs criminal defense attorneys and courts. (*Price Decl.*, ¶ 17; *Cruz Decl.*, Ex. 9) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. **Price Declaration**, ECF 77, Page ID 1279, ¶ 17: "On February 9, 2021, I submitted an grievance appeal to the final level of review…(Cruz Declaration Exhibit # 9)." | |
| 33. | On February 16, 2021, Plaintiff submitted a grievance regarding dayroom hours. *Cruz Declaration*, ¶ 36 **EXHIBIT 10** *Grievance 02 | 16 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 34. | On February 17, 2021, Plaintiff submitted a grievance regarding service of lunch while in court. *Cruz Declaration*, ¶ 37 **EXHIBIT 11** *Grievance 02 | 17 | 21* | **Plaintiff's Additional Fact No. 9** Plaintiff did not file such grievance. Individual is named Oden Hakim Price, booking no. 201911025. (*Cruz Decl.*, Ex. 11) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS** | |
| | **Defendants' Response and Supporting Evidence** Immaterial. | |
| 35. | On March 2, 2021, Plaintiff submitted a grievance regarding a urologist visit. *Cruz Declaration*, ¶ 38 **EXHIBIT 12** *Grievance 03 | 02 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 36. | On March 4, 2021, Plaintiff submitted a grievance regarding a strip search. *Cruz Declaration*, ¶ 39 **EXHIBIT 13** *Grievance 03 | 04 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 37. | On March 6, 2021, Plaintiff submitted a grievance appeal regarding the strip search referenced in his grievance dated March 4, 2021. *Cruz Declaration*, ¶ 40 **EXHIBIT 14** *Appeal 03 | 06 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 38. | On April 3, 2021, Plaintiff submitted a grievance regarding notice of a write-up. *Cruz Declaration*, ¶ 41 **EXHIBIT 15** *Grievance 04 | 03 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 39. | On April 6, 2021, Plaintiff submitted a grievance regarding a delay in receiving photos. | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP 2855 E. GUASTI ROAD, SUITE 402 ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | *Cruz Declaration*, ¶ 42<br>**EXHIBIT 16** *Grievance 04 \| 06 \| 21* | |
| 40. | On April 18, 2021, Plaintiff submitted a grievance regarding a strip search. *Cruz Declaration*, ¶ 43<br>**EXHIBIT 17** *Grievance 04 \| 18 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 41. | On April 19, 2021, Plaintiff submitted a grievance regarding a verbal argument with a Correctional Deputy. *Cruz Declaration*, ¶ 44<br>**EXHIBIT 18** *Grievance 04 \| 19 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 42. | On April 21, 2021, Plaintiff submitted a grievance appeal regarding the strip search referenced in his grievance dated April 18, 2021. *Cruz Declaration*, ¶ 45<br>**EXHIBIT 19** *Appeal 04 \| 21 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 43. | On April 22, 2021, Plaintiff submitted a grievance appeal regarding the verbal argument with a Correctional Deputy referenced in his grievance dated April 19, 2021. *Cruz Declaration*, ¶ 46<br>**EXHIBIT 20** *Appeal 04 \| 22 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

**Case 5:23-cv-00608-JLS-AS Document 79 Filed 02/10/26 Page 78 of 103 Page ID #:1437**

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| 44. | On April 28, 2021, Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated April 22, 2021. *Cruz Declaration*, ¶ 47 **EXHIBIT 21** *Response 04 \| 28 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 45. | On May 10, 2021, Plaintiff submitted a grievance appeal regarding a strip search. *Cruz Declaration*, ¶ 48 **EXHIBIT 22** *Appeal 05 \| 10 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 46. | On May 10, 2021, Plaintiff submitted a grievance appeal to the Facility Commander regarding the verbal argument with a Correctional Deputy referenced in his grievance dated April 19, 2021. *Cruz Declaration*, ¶ 49 **EXHIBIT 23** *Appeal 05 \| 10 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 47. | On May 11, 2021, Correctional Captain Reed provided a written response to Plaintiff's grievance appeal dated May 10, 2021. *Cruz Declaration*, ¶ 50 | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | **EXHIBIT 24** *Response 05 | 11 | 21* | |
| 48. | On May 11, 2021, Plaintiff submitted a grievance regarding refusal to take medication. *Cruz Declaration*, ¶ 51 **EXHIBIT 25** *Grievance 05 | 11 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 49. | On May 12, 2021, Correctional Lieutenant Koehler provided a written response to Plaintiff's grievance appeal dated May 10, 2021. *Cruz Declaration*, ¶ 52 **EXHIBIT 26** *Response 05 | 12 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 50. | On May 20, 2021, Plaintiff submitted a grievance appeal regarding his refusal to take medication referenced in his grievance dated May 11, 2021. *Cruz Declaration*, ¶ 53 **EXHIBIT 27** *Appeal 05 | 20 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 51. | On May 27, 2021, Plaintiff submitted a grievance regarding a delay in receiving mail from friends and family. *Cruz Declaration*, ¶ 54 **EXHIBIT 28** *Grievance 05 | 27 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 52. | On June 3, 2021, Correctional Lieutenant Rodriguez provided a written response to Plaintiff's grievance appeal dated May 20, 2021. *Cruz Declaration*, ¶ 55 **EXHIBIT 29** *Response 06 | 03 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 53. | On June 5, 2021, Plaintiff submitted a grievance regarding a delay in receiving photos from family via the company "Free Prints." *Cruz Declaration*, ¶ 56 **EXHIBIT 30** *Grievance 06 | 05 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 54. | On June 6, 2021, Plaintiff submitted a grievance regarding a delay in receiving photos from family. *Cruz Declaration*, ¶ 57 **EXHIBIT 31** *Grievance 06 | 06 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 55. | On June 12, 2021, Plaintiff submitted a grievance regarding outdoor recreation. *Cruz Declaration*, ¶ 58 **EXHIBIT 32** *Grievance 06 | 12 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 56. | On June 15, 2021, Plaintiff submitted a grievance regarding the verbal | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

80

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|  | argument he had with a Correctional Deputy referenced in prior grievances. *Cruz Declaration*, ¶ 59 **EXHIBIT 33** *Grievance 06 | 15 | 21* |  |
| 57. | On July 9, 2021, Plaintiff submitted a grievance regarding correspondence from the company "Free Prints." *Cruz Declaration*, ¶ 60 **EXHIBIT 34** *Grievance 07 | 09 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 58. | On July 12, 2021, Plaintiff submitted a duplicate grievance regarding correspondence from the company "Free Prints." *Cruz Declaration*, ¶ 61 **EXHIBIT 35** *Grievance 07 | 12 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 59. | On July 20, 2021, Plaintiff submitted a grievance regarding the alleged opening of mail from his attorney outside of his presence. A response was provided and discussed with Plaintiff on July 27, 2021. *Cruz Declaration*, ¶ 62 **EXHIBIT 36** *Grievance 07 | 20 | 21* | **Plaintiff's Additional Fact No. 10** On July 20, 2021, Plaintiff submitted a(n) grievance after receiving multiple items of legal mail sent from Plaintiff's criminal defense attorneys that was opened outside of Plaintiff's presence by unknown persons, stating, "I received letters/documents from my attorney |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | that was opened outside of my presence;" "This is a(n) continuing occurrence." (*Price Decl.*, ¶¶ 19, 20; *Cruz Decl.*, Ex. 36) |
| | **Defendants' Response and Supporting Evidence**<br><br>Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed.<br><br>**Price Declaration**, ECF 77, Page ID 1280, ¶ 19: "On July 20, 2021, I submitted a(n) grievance…"<br><br>**Price Declaration**, ECF 77, Page ID 1280, ¶ 20: "Grievance dated July 20, 2021… (Cruz Declaration Exhibit # 36)." | | |
| 60. | On July 24, 2021, Plaintiff submitted a grievance regarding the mail delivery schedule.<br><br>*Cruz Declaration*, ¶ 63<br><br>**EXHIBIT 37** *Grievance 07 | 24 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 61. | On July 26, 2021, Plaintiff submitted a grievance regarding exhibits from his attorney that were opened before being delivered to him. A response was provided and discussed with Plaintiff on July 27, 2021.<br><br>*Cruz Declaration*, ¶ 64<br><br>**EXHIBIT 38** *Grievance 07 | 26 | 21* | **Plaintiff's Additional Fact No. 11**<br><br>On July 26, 2021, Plaintiff submitted a(n) grievance after receiving multiple items of legal mail sent from Plaintiff's criminal defense attorneys that was opened outside of Plaintiff's presence by unknown persons stating, "Exhibits was sent to |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | | in mail that was address to me from my attorney and opened by unknown persons before being delivered to me;" "Mail addressed from my attorney to me is not to be opened outside of my presence." (*Price Decl.*, ¶¶ 19, 21; *Cruz Decl.*, Ex. 38) |
| | **Defendants' Response and Supporting Evidence** <br><br> Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. <br><br> **Price Declaration**, ECF 77, Page ID 1280, ¶ 19: "[O]n July 26, 2021, I submitted a(n) grievance…" <br><br> **Price Declaration**, ECF 77, Page ID 1280, ¶ 21: "Grievance dated July 26, 2021… (Cruz Declaration Exhibit # 38)." | |
| 62. | On July 31, 2021, Plaintiff submitted a grievance regarding outdoor recreation. <br><br> *Cruz Declaration*, ¶ 65 <br><br> **EXHIBIT 39** *Grievance 07 | 31 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 63. | On August 7, 2021, Plaintiff submitted a grievance regarding commissary items. <br><br> *Cruz Declaration*, ¶ 66 <br><br> **EXHIBIT 40** *Grievance 08 | 07 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

83

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 64. | On August 9, 2021, Plaintiff submitted a grievance appeal regarding outdoor recreation.<br>*Cruz Declaration*, ¶ 67<br>**EXHIBIT 41** *Appeal 08 \| 09 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 65. | On August 14, 2021, Plaintiff submitted a grievance regarding commissary items.<br>*Cruz Declaration*, ¶ 68<br>**EXHIBIT 42** *Grievance 08 \| 14 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 66. | On August 18, 2021, Plaintiff submitted a grievance regarding the grievance process.<br>*Cruz Declaration*, ¶ 69<br>**EXHIBIT 43** *Grievance 08 \| 18 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| **Defendants' Response and Supporting Evidence**<br>Pursuant to Plaintiff's Declaration, this fact is undisputed.<br>**Price Declaration**, ECF 77, Page ID 1281, ¶ 22: "On August 18, 2021, I submitted a(n) grievance regarding the grievance process…"<br>**Price Declaration**, ECF 77, Page ID 1281, ¶ 23: "Grievance dated August 18, 2021… (Cruz Declaration Exhibit # 43). | | |
| 67. | On August 21, 2021, Plaintiff submitted a grievance appeal regarding the commissary items | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | referenced in his grievance dated August 14, 2021. *Cruz Declaration*, ¶ 70 **EXHIBIT 44** *Appeal 08 | 21 | 21* | |
| 68. | On August 26, 2021, Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated August 9, 2021. *Cruz Declaration*, ¶ 71 **EXHIBIT 45** *Response 08 | 26 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 69. | On August 31, 2021, Plaintiff submitted a grievance appeal regarding the commissary items referenced in his grievance dated August 14, 2021. *Cruz Declaration*, ¶ 72 **EXHIBIT 46** *Appeal 08 | 31 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 70. | On September 11, 2021, Correctional Sergeant Nelson provided a written response to Plaintiff's grievance appeal dated August 31, 2021. *Cruz Declaration*, ¶ 73 **EXHIBIT 47** *Response 09 | 11 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

85

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| 71. | On September 16, 2021, Correctional Lieutenant Higgins provided a written response to Plaintiff's grievance appeal dated August 31, 2021. *Cruz Declaration*, ¶ 74 **EXHIBIT 48** *Response 09 \| 16 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 72. | On September 25, 2021, Plaintiff submitted a grievance appeal regarding the commissary items referenced in his grievance dated August 14, 2021. *Cruz Declaration*, ¶ 75 **EXHIBIT 49** *Appeal 09 \| 25 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 73. | On October 22, 2021, Plaintiff submitted a grievance regarding a strip search. *Cruz Declaration*, ¶ 76 **EXHIBIT 50** *Grievance 10 \| 22 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 74. | On December 4, 2021, Plaintiff submitted a grievance regarding cold lunch. *Cruz Declaration*, ¶ 77 **EXHIBIT 51** *Grievance 12 \| 04 \| 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| 75. | On December 4, 2021, Plaintiff submitted a grievance regarding the law library schedule. *Cruz Declaration*, ¶ 78 **EXHIBIT 52** *Grievance 12 | 04 | 21* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 76. | On January 15, 2022, Plaintiff submitted a grievance regarding cold lunch. *Cruz Declaration*, ¶ 79 **EXHIBIT 53** *Grievance 01 | 15 | 22* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 77. | On January 18, 2022, Plaintiff submitted a grievance regarding requests to the Business Office. *Cruz Declaration*, ¶ 80 **EXHIBIT 54** *Grievance 01 | 18 | 22* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 78. | On February 1, 2022, Plaintiff submitted a grievance regarding the opening of legal mail from the court outside of his presence. *Cruz Declaration*, ¶ 81 **EXHIBIT 55** *Grievance 02 | 01 | 22* | **Plaintiff's Additional Fact No. 14** Plaintiff again alerted the department of the continued opening of several items of properly marked legal mail sent by Plaintiff's attorneys that was opening outside of Plaintiff's presence, by submitting a(n) grievance on February 1, 2022 and referencing the granting of grievance |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| No. | Defendants' Uncontroverted Fact and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
| | | dated February 9, 2021. During Plaintiff's interview with Gell on February 2, 2022, Gell told Plaintiff that he [Gell] opened Plaintiff's legal mail. Gell's formal response made reference to a(n) policy not provided to Plaintiff with no attempt towards resolution. (*Price Decl.*, ¶¶ 28-30; *TAC*, ¶ 21; *Cruz Decl.*, Ex. 55) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. **Price Declaration**, ECF 77, Page ID 1282, ¶ 28: "On February 1, 2022, I submitted a(n) grievance regarding legal mail…" **Price Declaration**, ECF 77, Page ID 1282, ¶ 29: "Grievance dated February 1, 2022 states…(Cruz Declaration Exhibit # 55). | |
| 79. | On February 3, 2022, Plaintiff submitted a grievance appeal regarding the opening of legal mail from the court outside of his presence referenced in his grievance dated February 1, 2022. A response was provided on February 10, 2022, at which time, Plaintiff signed the | **Plaintiff's Additional Fact No. 15** Plaintiff submitted a(n) grievance appeal on February 3, 2022, and Sergeant Conn noting that Plaintiff's grievance dated February 11, 2021 was granted at SCF reaffirmed the granting of the grievance with his formal response. (*Price Decl.*, ¶¶ 31- |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| | DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | bottom of the grievance form. *Cruz Declaration*, ¶ 82 **EXHIBIT 56** *Appeal 02 \| 03 \| 22* | 32; *Cruz Decl.*, Ex. 56) |
| | **Defendants' Response and Supporting Evidence** Although Plaintiff purports to dispute this fact, his Declaration makes it clear that this fact is undisputed. **Price Declaration**, ECF 77, Page ID 1282, ¶ 31: "On February 3, 2022, I submitted a(n) grievance appeal…" **Price Declaration**, ECF 77, Page ID 1282-1283, ¶ 32: "On February 10, 2022 … (Cruz Declaration Exhibit # 56)." | |
| 80. | On February 23, 2022, Plaintiff submitted a grievance regarding court-ordered phone calls. *Cruz Declaration*, ¶ 83 **EXHIBIT 57** *Grievance 02 \| 23 \| 22* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 81. | On February 23, 2022, Plaintiff submitted a grievance appeal regarding court-ordered phone calls. *Cruz Declaration*, ¶ 84 **EXHIBIT 58** *Appeal 02 \| 23 \| 22* | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |
| 82. | On May 10, 2022, Plaintiff submitted a grievance regarding a request to the Business Office. *Cruz Declaration*, ¶ 85 | Undisputed; omitted from Plaintiff's "Statement of Genuine Disputes." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS | | |
|---|---|---|
| **No.** | **Defendants' Uncontroverted Fact and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| | **EXHIBIT 59** *Grievance 05 \| 10 \| 22* | |

***

Below are the remaining Additional Facts set forth by Plaintiff, which are not specifically directed to any of Defendants' Uncontroverted Facts, but establish Plaintiff's familiarity, knowledge and experience with RSO's grievance process.

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| **No.** | **Plaintiff's Additional Facts Supporting Evidence** | **Defendants' Response and Supporting Evidence** |
| 30. | **Plaintiff's Additional Fact No. 30** On April 12, 2025, Plaintiff submitted a(n) grievance regarding "Reading of Plaintiff's Outgoing Legal Mail to Attorney and Courts." *Price Decl.*, ¶ 51, Ex. 9 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| 32. | **Plaintiff's Additional Fact No. 32**<br>On April 28, 2025, formal response to rewritten grievance appeal dated April 27, 2025.<br>*Price Decl.*, ¶ 53, Ex. 11 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 33. | **Plaintiff's Additional Fact No. 33**<br>On April 30, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated April 28, 2025.<br>*Price Decl.*, ¶ 54, Ex. 12 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | he actually submitted were responded to. |
| 34. | **Plaintiff's Additional Fact No. 34** On May 4, 2025, formal response to grievance appeal dated April 30, 2025. *Price Decl.*, ¶ 55, Ex. 13 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 35. | **Plaintiff's Additional Fact No. 35** On May 8, 2025, Plaintiff submitted a(n) grievance appeal to the final level of review of grievance dated April 12, 2025. *Price Decl.*, ¶ 56, Ex. 14 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

92

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| **No.** | **Plaintiff's Additional Facts Supporting Evidence** | **Defendants' Response and Supporting Evidence** |
| | | Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 38. | **Plaintiff's Additional Fact No. 38** On April 16, 2025, Plaintiff submitted a(n) grievance regarding "Cleaning Supplies." *Price Decl.*, ¶ 59, Ex. 17 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 39. | **Plaintiff's Additional Fact No. 39** On April 24, 2025, formal response to grievance date April 16, 2025. *Price Decl.*, ¶ 60, Ex. 18 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

93

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 40. | **Plaintiff's Additional Fact No. 40** On April 27, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated April 24, 2025. *Price Decl.*, ¶ 61, Ex. 19 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 41. | **Plaintiff's Additional Fact No. 41** On April 29, 2025, formal response to Plaintiff's grievance appeal dated April 27, 2025. *Price Decl.*, ¶ 62, Ex. 20 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 43. | **Plaintiff's Additional Fact No. 43** On April 16, 2025, Plaintiff submitted a(n) grievance regarding "Outside Recreation." *Price Decl.*, ¶ 64, Ex. 22 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 44. | **Plaintiff's Additional Fact No. 44** On April 24, 2025, formal response to grievance dated April 16, 2025. | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years |

95

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | |
|---|---|---|
| **No.** | **Plaintiff's Additional Facts Supporting Evidence** | **Defendants' Response and Supporting Evidence** |
| | *Price Decl.*, ¶ 65, Ex. 23 | after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 45. | **Plaintiff's Additional Fact No. 45** On April 25, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated April 24, 2025. *Price Decl.*, ¶ 66, Ex. 24 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | **Plaintiff's Additional Facts Supporting Evidence** | **Defendants' Response and Supporting Evidence** |
| 46. | **Plaintiff's Additional Fact No. 46** On May 1, 2025, formal response to grievance appeal dated April 25, 2025. *Price Decl.*, ¶ 67, Ex. 25 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 48. | **Plaintiff's Additional Fact No. 48** On April 27, 2025, Plaintiff submitted a(n) grievance regarding a(n) "Underground Policy." *Price Decl.*, ¶ 69, Ex. 27 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that |

| | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | he actually submitted were responded to. |
| 49. | **Plaintiff's Additional Fact No. 49** On May 3, 2025, formal response to Plaintiffs grievance date April 27, 2025. *Price Decl.*, ¶ 70, Ex. 28 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 50. | **Plaintiff's Additional Fact No. 50** On May 3, 2025, Plaintiff submitted a(n) grievance appeal to formal response dated May 3, 2025. *Price Decl.*, ¶ 71, Ex. 29 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 53. | **Plaintiff's Additional Fact No. 53** On May 29, 2025, formal response to Plaintiff's grievance appeal dated May 26, 2025. *Price Decl.*, ¶ 74, Ex. 32 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 54. | **Plaintiff's Additional Fact No. 54** On June 2, 2025, Plaintiff submitted a(n) grievance appeal to the final level of review of initial grievance dated April 27, 2025. *Price Decl.*, ¶ 75, Ex. 33 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates |

| | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | | to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 58. | **Plaintiff's Additional Fact No. 58** On July 9, 2025, Plaintiff submitted a(n) grievance regarding "Attorney Access," and on July 14, 2025, a(n) formal response was provided. *Price Decl.*, ¶ 79, Ex. 37 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 68. | **Plaintiff's Additional Fact No. 68** On August 28, 2025, Plaintiff submitted a(n) grievance regarding "Violation of Right to Grieve Conditions." | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | *Price Decl.*, ¶ 89, Ex. 47 | to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 69. | **Plaintiff's Additional Fact No. 69** On August 29, 2025, formal response to Plaintiff's grievance dated August 28, 2025. *Price Decl.*, ¶ 90, Ex. 48 | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |
| 73. | **Plaintiff's Additional Fact No. 73** On October 26, 2025, Plaintiff submitted a(n) grievance regarding | Plaintiff's Additional Facts Nos. 27-74 apparently relate to grievances submitted in the year 2025 (3-4 years |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS | | |
|---|---|---|
| No. | Plaintiff's Additional Facts Supporting Evidence | Defendants' Response and Supporting Evidence |
| | "unanswered grievance" of previous grievance dated August 28, 2025, August 30, 2025 and September 4, 2025.<br><br>*Price Decl.*, ¶ 94, Ex. 52 | after the subject incidents) and have nothing to do with Plaintiff's ability to exhaust administrative remedies between 2021 and 2022 as it relates to the claims underlying his lawsuit. Nonetheless, a review of Plaintiff's Exhibits 1-51 shows that the grievances, including appeals, that he actually submitted were responded to. |

Dated:  February 10, 2026          **COLE HUBER LLP**


By: _____ /s/ Nicole R. Roggeveen _____
Nicole R. Roggeveen
Attorneys for Defendants Ruslan
Yeramishyn and Robert Gell

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

## **PROOF OF SERVICE**

**Ahmad Price v. Ruslan Yeramishyn, et al.**
**Case No. 5:23-cv-00608-JLS (AS)**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Bernardino, State of California.  My business address is 2855 E. Guasti Road, Suite 402, Ontario, CA 91761.

On February 10, 2026, I served true copies of the following document(s) described as

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

on the interested parties in this action as follows:

Ahmad Raheem Price
BK NO. 202041230
P.O. Box 710
Riverside. CA 92501

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Cole Huber LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Ontario, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2026, at Ontario, California.

_____
Dawn Lenz

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS